**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

**IN RE:**

**ADRIAN MCCLOSKEY**

      **Debtor.**

_____/

Case No.: 6:15-bk-02095-CCJ

Chapter 7

**OUACHITA FINANCIAL SERVICES, LLC'S OBJECTION TO
ADRIAN MCCLOSKEY'S MOTION TO AVOID JUDICIAL LIEN OF
BRANCH BANKING AND TRUST COMPANY, ON EXEMPT PROPERTY**

COMES NOW, **OUACHITA FINANCIAL SERVICES, LLC** ("OFC"), by and through its undersigned counsel, pursuant to 11 U.S.C. §§ 522(o) and 522(p), hereby timely files this objection to the Motion to Avoid Judicial Lien of Branch Banking and Trust Company, on Exempt Property (the "Motion") (Doc. 21) filed by ADRIAN MCCLOSKEY ("Debtor"), and states, in support as follows:

**FACTUAL AND PROCEDCURAL HISTORY**

1. The Debtor filed his petition for relief on March 11, 2015.

2. The case was closed on September 22, 2015.

3. The case was re-opened on June 6, 2017, for the purpose of allowing the Debtor to file his Motion to Avoid Judicial Lien of Branch Banking and Trust Company, on Exempt Property [the "Motion"] (Doc. No. 21).

4. On or about August 6, 2014, a Final Summary Judgment (the "Judgment") was entered in the case of Branch Banking and Trust Company, Plaintiff, v. Adrian McCloskey, et al., Defendants, Case Number 2011-CA-002589-O, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, which is recorded at OR Book 10787, Page 5693, of the public

records of Orange County, Florida, and a certified copy of the Judgment (the "Lien") was recorded at OR Book 10793, Page 2586, of the public records of Orange County, Florida.

5. On or about April 28, 2017, Branch Banking and Trust Company executed that certain Assignment of Final Judgments and Other Claims, which is recorded as Document #20170241289, in the public records of Orange County, Florida, by which it assigned all of its interest in the Judgment to OFC. OFC is the holder of the duly perfected Lien described above and which the Debtor seeks to avoid by the Motion.

6. The Motion alleges that the lien impairs an exemption to which the Debtor is entitled pursuant to 11 USC §522 of the Debtor's interest in certain real property (the "property") described as:

> LOT 32 PALM LAKE, ACCORDING TO THE PLAT RECORDED IN PLAT BOOK 33, PAGE 83, PUBLIC RECORDS ORANGE COUNTY, FLORIDA
> Located at: 8660 Crestgate Circle, Orlando, Florida 32819.

7. The Debtor's Schedule A (Doc. No. 1) disclosed an interest as a joint tenant in real property located at the address above. The Debtor's Amended Schedule C claimed as exempt, pursuant to 11 USC §522(b)(3)(B), "100%" of the Debtor's interest in the property.

8. The Debtor's legal interest in the property is as a Trustee, along with Anna McCloskey, of the McCloskey Family Living Trust, according to the Warranty Deed recorded at OR Book 9660, Page 1119, of the public record of Orange County, on April 15, 2008.

9. On October 15, 2012, SunTrust Mortgage, Inc. recorded at OR Book 10457, Page 6180, of the public records of Orange County, Florida, a Release of Mortgage for that certain mortgage on the property recorded at OR Book 6578, Page 7049, of the public records of Orange County, Florida.

10. Upon information and belief, in 2012, the Debtor converted assets into cash and used the cash to pay down the mortgage on the property, thus acquiring equity which the Debtor now tries to claim as exempt.

## LEGAL STANDARD AND ANALYSIS

11. The Debtor's legal interest in the property is not that of a tenant by the entireties, it is that of a Trustee (Co-Trustee). The Debtor's claim of exemption pursuant to 11 US §522(b)(3)(B) is not valid.

12. The Debtor's legal interest in the property is not an interest in homestead property as intended by Article X, Section 4 (a)(1). The Debtor's claim of exemption pursuant to Article X, Section 4(a)(1) is not valid.

13. To the extent that the Debtor has an interest in the property that can be claimed as exempt, under 11 U.S.C. § 522(o)(4), and as more particularly described below, the Debtor's claimed homestead exemption shall be reduced to the extent the Debtor transferred nonexempt funds into the Homestead Property within ten (10) years prior to the Petition Date with the intent to hinder, delay, or defraud Debtor's Creditors.

14. 11 U.S.C. § 522(o) was added to the Bankruptcy Code because Florida and certain other states have unlimited homestead exemptions. *In re Cook*, 535 B.R. 877 (Bankr. Fla. N.D. 2013). As such, 11 U.S.C. § 522(o)(4) acts to limit a debtor's homestead exemption in bankruptcy, notwithstanding that the same exemptions would be unlimited under state law.

THIS SPACE INTENTIONALLY BLANK

WHEREFORE, Ouachita Financial Services, LLC respectfully requests this Court enter an Order: (i) denying the Motion; (ii) awarding Ouachita Financial Services, LLC its fees and costs associated with the Objection; and (iii) for such further relief as this Court deems just and property.

RESPECTUFLLY SUBMITTED this 30th day of June 2017

/s/ Jeffrey S. Ainsworth
Jeffrey S. Ainsworth, Esquire
Florida Bar No.: 060769
E-mail: *jeff@bransonlaw.com*
**BransonLaw PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone: (407) 894-6834
Facsimile: (407) 894-8559

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the **OBJECTION TO ADRIAN MCCLOSKEY'S MOTION TO AVOID JUDICIAL LIEN OF BRANCH BANKING AND TRUST COMPANY, ON EXEMPT PROPERTY,** has been furnished either electronically and/or by U.S. First Class mail, postage prepaid: Adrian McCloskey, c/o Ryan Mitchell, Esquire, The Law Office of Ryan Mitchell, PLLC, 7463 Conroy Windermere Road, Suite A, Orlando, Florida 32835; **The Office of the United States Trustee**, Attn: United States Trustee, Orlando, George C. Young Federal Building, 400 West Washington Street, Suite 3100, Orlando, Florida 32801; **Gene T. Chambers,** Trustee, Post Office Box 533987, Orlando, Florida 32853; and all cm/ecf participants as shown on the matrix attached to the original of this application filed with the Court this 30th day of June, 2017.

/s/ Jeffrey S. Ainsworth
Jeffrey S. Ainsworth, Esquire
**BransonLaw, PLLC**