UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:

                                                                                                  Case No.  6:15-bk-02095-CCJ

ADRIAN MCCLOSKEY                                                    Chapter 7

                Debtor.
_____/

**DEBTOR'S RESPONSE TO OUACHITA FINANCIAL SERVICES, LLC'S
OBJECTION TO ADRIAN MCCLOSKEY'S MOTION TO AVOID JUDICIAL
LIEN OF BRANCH BANKING AND TRUST COMPANY ON EXEMPT PROPERTY**

ADRIAN MCCLOSKEY, Debtor herein, by and through the undersigned counsel and pursuant to 11 U.S.C. § 522 and Rule 9014, Fed. R. Bankr. P., files this Response to the numbered paragraphs of Ouachita Financial Services, LLC's Objection to Debtor's Motion to Avoid Judicial Lien of Branch Banking and Trust Company on Exempt Property (hereinafter, the "Objection"), and in support thereof alleges the following:

**FACTUAL AND PROCEDUREAL HISTORY**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Without knowledge, therefore denied.

6. Admitted.

7.     Admitted that the Debtor disclosed his interest as a joint tenant in 8660 Crestgate Circle, Orlando, Florida (the "Crestgate property").  The Debtor's Amended Schedule C exempted his interest in the Crestgate property under Fla. Const. Art. X, § 4(a)(1), and 11 USC § 522(b)(3)(B).

8.     Admitted that the Debtor and his wife transferred the Crestgate Property to the McCloskey Family Living Trust, dated April 8, 2008, on April 8, 2008.  Denied that for the purposes of Florida's Homestead exemption, or the tenancy by entireties ("TBE") exemption provided under 11 USC § 523(b)(3)(B), the Debtor's legal interest in the property is "as Trustee".

9.     Admitted.

10.    Denied.  The source of the majority of funds used to paydown the mortgage on the Debtor's homestead property came from the sale of certain assets owned by Emerald Investments, LLC, which is owned by the Debtor's wife along with two other unrelated individuals.  At the time of the sale in 2012, Mr. McCloskey had no interest in that company or its holdings.  Accordingly, those assets never did and never could have formed part of Mr. McCloskey's bankruptcy estate.

## LEGAL STANDARD AND ANALYIS

11.    Denied.  Section 522(b)(3)(B) of the Bankruptcy Code allows a debtor to exclude from property of his bankruptcy estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety…to the extent that such interest is exempt from process under applicable non-bankruptcy law."  11 U.S.C. § 522(b)(2)(B).  In Florida, a conveyance to spouses as husband and wife creates an estate by entireties in the absence of express language to the opposite.  Florida law clearly holds

that the transfer of TBE property to a trust does not terminate the TBE character of the property. Specifically, the unities necessary to sustain the TBE character of property are maintained unless there is some language in the trust that destroys such unities. But the law on point clearly holds that where a married couple retains the power to control the trust, the unities of possession and interest are maintained. *Passalino v. Protective Group Securities, Inc.*, 886 So.2d 295, 297-8 (Fla. 4th DCA 2004). There is nothing in the Trust that gives Mr. or Mrs. McCloskey unilateral dominion over trust assets that were jointly owned prior to being transferred into the Trust. To the contrary, the Trust requires that Co-Trustees act jointly, and also provides that all assets transferred to the Trust shall retain the same character as they had prior to the transfer. Consequently, OFS's claim that the McCloskey's transfer of the Crestgate property to the Trust vitiated its TBE character is wholly fallacious and unsupported by relevant facts and applicable law.

12.     Denied. Mr. and Mrs. McCloskey purchased Crestgate property on July 29, 2002, as husband and wife, as tenants by the entireties. Thereafter, on April 8, 2008, the McCloskeys transferred the Crestgate property into the Trust, which is a revocable trust designed solely for estate planning purposes, and not for creditor protection. In order to claim Florida's homestead exemption, it must be shown that: (i) the individual has a legal or equitable interest which gives him the legal right to use and possess the property as a residence; (ii) the individual have the intention to make the property his or her homestead; and (iii) the individual actually maintain the property as his or her principal residence. *In re Edwards*, 356 BR 807, 810 (Bankr.M.D.Fla.2006). Case law is also clear that homestead property titled in a revocable trust can be exempt from a debtor's bankruptcy case. *In re Alexander*, 346 BR 546 (Bankr.M.D.Fla.2006). Specifically, because a grantor of a revocable trust has the power to

revoke the trust, he is deemed to retain an ownership interest in all property put into a trust. Accordingly, all such property is deemed to be owned by "natural persons" within the meaning of Florida's homestead statute. *Id*. There is no averment in OFS's Objection that Mr. McCloskey (i) does not have a legal or equitable right to use or possess the Crestgate property, or (ii) that he does not claim homestead otherwise intend to make the Crestgate residence his homestead property, or (iii) that Mr. McCloskey does not maintain the property as his principal residence. Accordingly, OFS's claim that the Debtor's interest in the property is not protected by Art. X, § 4(a)(1) is patently false and contrary to all applicable legal standards.

13. Admitted that 11 USC § 522(o)(4) acts to limit a debtor's claim to homestead exemption; Denied that the requisite elements have been met. The limiting provisions of 11 USC § 522(o) apply where a debtor transferred non-exempt property to exempt property to hinder, delay, or defraud a creditor. The vast majority of funds used to paydown the mortgage on the Debtor's homestead property came from the sale of certain assets owned by Emerald Investments, LLC, an entity that Mr. McCloskey had no interest in at the time of the sale. Accordingly, those assets never did and never could have formed part of Mr. McCloskey's bankruptcy estate, and certainly cannot constitute a transfer of non-exempt property to exempt property to hinder, delay, or defraud a creditor. The remainder of the funds came from assets held by the Adrian McCloskey Living Trust. It must be noted that Section 522(o) does not apply to a debtor's claimed TBE exemption because, by its own words, the statute does not address exemption claims asserted under Section 522(b)(3)(B), which includes all TBE exemptions. Section 522(o) begins with the limiting language, "For purposes of subsection (b)(3)(A)." Thus, by its express terms, it only applies to Bankruptcy Code § 522(b)(3)(A), and not, to § 522(b)(3)(B). See *In re Hinton*, 378 B.R. 371 (Bankr. M.D.Fla.2007); *In re Davis*, 403 B.R. 914

(Bankr. M.D. Fla.2009); *In re Schawtz*, 362 B.R. 532 (Bankr. S.D.Fla.2007). Even if 522(o) were applicable, OFS is barred from objecting to the Debtor's claim of homestead vis-à-vis the tenancy by the entireties exemption.

### Conclusion

OFS's Objection attempts to make the case that because Mr. and Mrs. McCloskey transferred their exempt property to a revocable trust, the Debtor lost his ability to claim either the homestead exemption conferred by Fla. Const., Art. 10, § 4, or the TBE exemption granted under 11 USC § 522(b)(3)(B). As detailed above, there is absolutely no legal or factual support for this position.

With respect to OFS's contention that Mr. McCloskey's claimed homestead exemption is subject to 11 USC § 522(o), the majority of funds used to pay down that mortgage came from property that never was or could have been part of the Debtor's bankruptcy estate. Furthermore, Section 522(o) does not apply to a debtor's claimed TBE exemption because, by its own words, the statute does not address exemption claims asserted under Section 522(b)(3)(B).

WHEREFORE, the Debtor, ADRIAN MCCLOSKEY, requests that the Court overrule Ouachita Financial Services' Objection to the Debtor's Motion to Avoid Judicial Lien Branch Banking and Trust Company, on Exempt Property, and grant such other relief as this Court deems necessary and just.

Dated: July 10, 2017

/s/ Ryan Mitchell
Ryan Mitchell
Attorney for Debtor
Florida Bar Number: 0062034
The Law Office of Ryan Mitchell, PLLC
7463 Conroy Windermere Road, Suite A

Orlando, Florida  32835
Telephone: (407) 601-6941
Fax: (407) 601-5982
E-Mail: ryan@lormpllc.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 10, 2017, a copy of this document was furnished either electronically and/or by U.S. First Class mail, postage prepaid to:  Adrian McCloskey, 8660 Crestgate Circle, Orlando, Florida, 32819; Jeffrey S. Ainsworth, counsel for Ouachita Financial Services, LLC, 1501 E. Concord Street, Orlando, Florida, 32803; the Office of the United States Trustee, George C. Young Federal Building, 400 W. Washington Street, Suite 1100, Orlando, Florida, 32801; Chapter 7 Trustee, Gene T. Chambers, PO Box 533987, Orlando, Florida, 32853; and all cm/ecf participate as shown on the matrix attached to the original of this application filed with this Court.

/s/ Ryan Mitchell
Ryan Mitchell
Attorney for Debtor