## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
### www.flmb.uscourts.gov

IN RE:

                                    **Case No.: 6:15-bk-02095-CCJ**

**ADRIAN MCCLOSKEY**

                                    **Chapter 7**

        **Debtor.**

_____/

## NOTICE OF ISSUING SUBPOENAS TO THIRD PARTIES WITHOUT EXAMINATION
### (Documents may be produced in lieu of appearance)

**PLEASE TAKE NOTICE**, OUACHITA FINANCIAL SERVICES, LLC, a Delaware limited liability company ("Ouachita"), pursuant to the Bill of Sale and Assignment between GENE T. CHAMBERS, as Trustee of the Bankruptcy Estate of Adrian McCloskey, Case No. 6:15-bk-02095-CCJ and Ouachita, by and through its undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 2004 and 9016, Federal Rule of Civil Procedure 45, and Local Rule 2004-1, provides the following notice of subpoenas to produce documents being served upon:

1.    **Mark W. Garrett, Esquire**
        Garrett Law Firm, P.A.
        1850 Lee Road, Suite 302
        Winter Park, Florida 32789

2.    **Garret Law Firm, P.A.**
        c/o Mark W. Garrett, Registered Agent
        1850 Lee Road, Suite 302
        Winter Park, Florida 32789

3.    **IC BP III Holdings XXIII, LLC**
        c/o VCORP Services, LLC, Registered Agent
        5011 South State Road 7, Suite 106
        Davie, FL 33314

4.    **Reunion Bank of Florida**
        c/o Joseph C.L. Wettach, Esquire Registered Agent

315 E. Robinson Street, Suite 600
Orlando, Florida 32801

5.    **Garganese, Weiss & D'Agresta, P.A.**
c/o Anthony A. Garganese, Registered Agent
111 N. Orange Ave., Suite 2000
Orlando, Florida 32801

6.    **Emerald Investments, LLC**
c/o Adrian McCloskey, Registered Agent
8660 Crestgate Circle
Orlando, Florida 32819

7.    **Anna McCloskey**
8660 Crestgate Circle
Orlando, Florida 32819

8.    **Kevin Mcgowan**
15055 Spinnaker Cove Lane
Winter Garden, Florida 34787

9.    **Edwina Mcgowan**
15055 Spinnaker Cove Lane
Winter Garden, Florida 34787

10.    **Emerald Properties, LLC**
c/o Anna McCloskey, Registered Agent
8660 Crestgate Cir.
Orlando, Florida 32819

11.    **Complete Currency, LLC**
c/o Derek Breen, Registered Agent
3359 W. Vine St, number 104
Kissimmee, Florida 34741

If any party being served with this notice has an objection to the documents sought to be produced, *he/she/it* should promptly bring that objection to the court's attention with a proper motion seeking appropriate relief.

The parties listed above are being requested to produce documents pursuant to the attached Subpoenas on April 26, 2018, by 12:00 p.m., at the offices of BransonLaw, PLLC, 1501 E. Concord Street, Orlando, Florida 32803

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 30, 2018, true and correct copies of the forgoing

Notice and attached Subpoenas were served via electronic transmission to the parties who are

currently on the list to receive e-mail notice/service for this case and via regular U.S. Mail to:

Adrian McCloskey
8660 Crestgate Circle
Orlando, Florida 32819

RESPECTUFLLY SUBMITTED this 30th day of March 2018.

/s/ Jeffrey S. Ainsworth
Jeffrey S. Ainsworth, Esquire
Florida Bar No.: 060769
E-mail: *jeff@bransonlaw.com*
**BransonLaw PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone: (407) 894-6834
Facsimile: (407) 894-8559
Attorney for Ouachita Financial Services, LLC

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

IN RE:

                                    **Case No.: 6:15-bk-02095-CCJ**

**ADRIAN MCCLOSKEY**

                                    **Chapter 7**

        **Debtor.**

_____/

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO**
**PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE**

TO:       **Mark W. Garrett, Esquire**
           Garrett Law Firm, P.A.
           1850 Lee Road, Suite 302
           Winter Park, Florida 32789

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the materials:

***The items specified in Schedule "A" attached hereto.***

| PLACE:   **BransonLaw, PLLC**<br>       **1501 E. Concord Street**<br>       **Orlando, Florida 32832** | DATE AND TIME<br><br>**April 26, 2018 by 12:00 p.m.** |
|---|---|

❑ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land or other property possessed or controlled by you at the time, date and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed.R.Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/30/18

                         CLERK OF COURT

OR

_____                          _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing ***Ouachita Financial Services, LLC*** who issues or requests this subpoena, are:

Jeffrey S. Ainsworth, Esquire
Florida Bar. No. 60769
**BransonLaw, PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone:    (407) 894-6834
Facsimile:    (407) 894-8559
E-mail:       jeff@bransonlaw.com

**Notice to the Person Who Issues or Requests this Subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. Civ. P. 45)**

I received this subpoena for (name of individual and title, if any): **Mark W. Garrett, Esquire** on **March 30, 2018**.

☒ I served the subpoena by delivering a copy to the named person as follows:

> **Mark W. Garrett, Esquire**
> Garrett Law Firm, P.A.
> 1850 Lee Road, Suite 302
> Winter Park, Florida 32789

Via U.S. Mail on (date) **March 30, 2018**; or

☐ I returned the subpoena unexecuted because: _____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Date: March 30, 2018

_____
Server's Signature

Jeffrey S. Ainsworth
_____
Printed Name

1501 E. Concord Street, Orlando, FL 32803
_____
Servers Address

---

Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made,

the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**

Fed. R. Civ. P. 45(a) Committee Note (2013)

• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.

• The party serving the subpoena should make reasonable provisions for prompt access.

• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## EXHIBIT "A"

## INSTRUCTION AND DEFINITIONS

Unless otherwise specified, the following words and terms as used herein shall, when utilized, mean as follows:

## I.  INSTRUCTIONS

A.    This document request is continuing in nature.  When new knowledge or information comes to your attention you shall supplement the information supplied in the answers to the document request forthwith.

B.    For each and every Request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.  Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.  All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.  If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C.    If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:

1.    The name(s) of the author(s) of the document;

2.    The name(s) of the person(s) to whom the documents or copies were sent;

3.    The date of the document;

4.    The date on which the document was received by each addressee, copyee, or its recipients;

5.    A complete description of the nature and subject matter of the document;

6.    The date on which the document was lost, discarded, or destroyed; and

7.    The manner in which the document was lost, discarded, or destroyed.

D.      With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.  In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

   1. The name(s) of the sender(s) of the document;

   2. The name(s) of the author(s) of the document;

   3. The name(s) of the person(s) to whom the document or copies were sent;

   4. The job title of every person named in subparagraphs 1, 2 and 3 above;
   5. The date of the document;

   6. The date on which the document was received by each addressee, copyee, or its recipient;

   7. A brief description of the nature and subject matter of the document; and

   8. The statute, rule, or decision which is claimed to give rise to the privilege.

E.      If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person who has possession, custody, or control of the requested document(s).

F.      All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

G.      Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.      The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

I.      "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

J.      "Any" and "all" shall be construed to bring within the scope of this request any

information which might be construed to relate to the subject matter of the request.

K.   The use of the singular form of any word includes the plural and vice versa.

L.   All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.   The relevant time period of these requests is October 1, 2008 to the present, unless otherwise stated in a particular request for production, and shall include all documents which relate or refer to this period even though prepared before or subsequent to period.

## II.   **DEFINITIONS**

1.   The words **"and"** and **"or"** shall be construed as both conjunctive and disjunctive, so that a series of persons or things joined by the words "and" and "or" shall refer to any, all, or any combination of them.

2.   The terms **"communication"** and **"communications"** shall interchangeably mean any oral or written statement, dialogue, colloquy, discussion or conversation or exchange of information of any type, and any transfer of thoughts or ideas between any two or more persons, including but not limited to documents, telephone or face-to-face conversations, meetings, conferences, or transfer of data from one location to another by electronic or similar means.

3.   The terms **"concerning,"** **"concerns,"** or any other derivative thereof, as used herein includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing and constituting.

4.   The term **"correspondence"** shall mean any and all letters, facsimiles, transmitted memoranda, memorialized oral communications, e-mails, or other communications or documents exchanged or transmitted with another person or entity.

5.   **"Debtor"** shall mean Adrian McCloskey.

6.   The terms **"Document"** or **"documents"** means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to the original and any identical or non-identical copy or draft or revision thereof, regardless of origin or location, of any writing or record of any type or description, including, but not limited to: the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, study, handwritten or other note, working paper, chart, paper graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of electronic mail or telephone

conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, purchase order, bill of lading, bid tabulation, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photograph negative, phone record, tape recording, wire recording, phonorecord, transcript or recordings, drawing, catalog, brochure, or any other data compilations in any format (including computer hard drives, discs, diskettes, compact disk, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages and all other oral communications) and specifically including ESI (as defined herein). All sources are intended to be encompassed, including but not limited to Defendant, other parties to this litigation and any other person, firm or corporation or governmental entity which has communicated with Defendant on the subject matter covered by the lawsuit or the request in questions. **ESI shall be produced in the format described in Part IV.**

7.   **"Deponent", "examinee", "you"**, and **"your"** shall mean the party upon whom this subpoena is served and all of his/her authorized employees, agents, or others purporting to act on his/her behalf, including all corporate aliases, affiliates and subsidiaries of deponent.

8.   **"Emerald Investments"** shall mean Emerald Investments, LLC.

9.   **"Emerald Properties"** shall mean Emerald Properties, LLC.

10.  The term **"ESI"** means any electronically stored information-including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

11.  The word **"person"** shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise and includes both the singular and plural.

12.  **"Possession, custody, or control"** as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

13.  **"State Court Litigation"** shall mean that certain litigation filed and pending in the Circuit Court for the 9th Judicial Circuit in and for Osceola County, Florida and styled *the Estate of: Trust Agreement Establishing the Commercial Settlement*

*Real Estate Trust*, Case No. 2017-CP-000008.

14.    The terms **"support," "evidence," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to," and "regarding"** shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

15.    Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any Interrogatory.

16.    Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

## III.    DOCUMENTS REQUESTED[1]

## THE DEPONENT SHALL PRODUCE THE FOLLOWING DOCUMENTS:

1.    All documents relating to or referencing Debtor.

2.    All communications with or relating to Debtor.

3.    All documents relating to or referencing Emerald Properties.

4.    All communications with or relating to Emerald Properties.

5.    Any and all documents in Your care, custody or control evidencing, relating to, or referring to the Debtor's financial condition, including but not limited to, any financial statements and data provided to You by or on behalf of the Debtor.

6.    Any and all documents in Your care, custody or control evidencing, relating to, or referring to the Emerald Properties' financial condition, including but not limited to, any financial statements and data provided to You by or on behalf of the Emerald Properties.

7.    Any and all Federal, State or local tax returns of the Debtor (and all attached schedules and forms).

8.    Any and all Federal, State or local tax returns of Emerald Properties (and all attached schedules and forms).

---

[1] To the extent any or all documents or records responsive to the Requests are in electronic format, please contact the issuing attorney to make arrangements.

9.    Any and all invoices and statements submitted by You to the Debtor for services rendered.

10.   Any and all invoices and statements submitted by You to Emerald Properties for services rendered.

11.   Any and all documents evidencing receipt of payment for any and all services You provided to the Debtor or on the Debtor's behalf.

12.   Any and all documents evidencing receipt of payment for any and all services You provided to Emerald Properties or on the Emerald Properties' behalf.

13.   Any and all documents showing, reflecting or relating to any and all compensation, consideration, payments or other benefit You received from or on behalf of the Debtor.

14.   Any and all documents showing, reflecting or relating to any and all compensation, consideration, payments or other benefit You received from or on behalf of Emerald Properties.

15.   Any and all documents evidencing, relating to, or referring to any and all internal and external correspondence and communications relating to the Debtor's assets, liabilities operations or business affairs.

16.   Any and all documents evidencing, relating to, or referring to any and all internal and external correspondence and communications relating to the Emerald Properties' assets, liabilities operations or business affairs.

17.   Any and all business plans, forecasts and projections reflecting or relating to the Debtor.

18.   Any and all business plans, forecasts and projections reflecting or relating to Emerald Properties.

19.   Any and all documents in Your care, custody or control reflecting or relating to Debtor's general ledgers, accounts receivables and accounts payable.

20.   Any and all documents in Your care, custody or control reflecting or relating to Emerald Properties' general ledgers, accounts receivables and accounts payable.

21.   Any and all documents in Your care, custody or control reflecting or relating to the Debtor's interim and year-end financial statements.

22.   Any and all documents in Your care, custody or control reflecting or relating to the Emerald Properties' interim and year-end financial statements.

23.   Any and all handwritten, typed or recorded notes taken by You or on Your behalf regarding Emerald Properties, or the assets, liabilities, operations or business

affairs of Emerald Properties.

24.    All trust account records relating to Emerald Properties, including but not limited to any bank statements or trust ledgers.

25.    Any and all documents in Your care, custody or control reflecting or relating to Emerald Properties' transfer of any assets.

26.    To the extent not requested above, Your entire file with respect to the Emerald Properties.

## IV - Production of Electronically Stored Information (ESI) FORM OF PRODUCTION

Ouachita requests that all ESI (electronically stored information) be produced as follows:

ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with ALL native files provided and word searchable OCR/extracted text (Optical Character Recognized- i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

The files should be delivered with the following folder structure:

**IMAGES-** contains the TIF and JPG files, up to 10,000 items.
**DATA-** contains the OPT and LFP files and the metadata text file (DAT)
**NATIVES** - contains all the original native files named as the BEGDOC
**TEXT** - contains the document-level OCR/Extracted text files named as the BEGDOC

| Eclipse Metadata Field | Field Description |
|---|---|
| BegDoc | BegDoc |
| EndDoc | EndDoc |
| BegA.ttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |
| cc | CC (Name + email) |
| Companies | Company name |
| Custodian | Custodian (Last, First) |

| | |
|---|---|
| DateCreated | Date created (MM/DDNYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent (MMIDD/YYYY) |
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name+ email) |
| Hash Code | MD5hash |
| Header | Email header |
| IntemetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password Protect | Y/N field |
| Read | Y/N |
| SHAl | SHAl hash |
| Sources | CD, DVD hard drive: brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

**For .xis (Excel), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| | |
|---|---|
| Excel Comments | Comments |
| Excel HiddenColumns | Hidden Columns |
| Excel HiddenRows | Hidden Rows |
| Excel HiddenWorksheets | Hidden Worksheets |
| Num Lines | Number of lines |
| Num Paragraphs | Number of paragraphs |
| Num slides | Number of slides |
| Num Notes | Number of notes |
| Num HiddenSlides | Number of hidden slides |
| Num Multimedia | Number of multimedia clips |
| Security | Security |

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

IN RE:

                                    **Case No.: 6:15-bk-02095-CCJ**

**ADRIAN MCCLOSKEY**

                                    **Chapter 7**

        **Debtor.**

_____/

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO**
**PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE**

TO:       **Garrett Law Firm, P.A.**
             c/o Mark W. Garrett, Registered Agent
             1850 Lee Road, Suite 302
             Winter Park, Florida 32789

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the materials:

*The items specified in Schedule "A" attached hereto.*

| PLACE:  **BransonLaw, PLLC**<br>         **1501 E. Concord Street**<br>         **Orlando, Florida 32832** | DATE AND TIME<br><br>**April 26, 2018 by 12:00 p.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land or other property possessed or controlled by you at the time, date and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed.R.Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **3/30/18**

                       CLERK OF COURT

                            OR

_____
_Signature of Clerk or Deputy Clerk_        _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing **_Ouachita Financial Services, LLC_** who issues or requests this subpoena, are:

Jeffrey S. Ainsworth, Esquire
Florida Bar. No. 60769
**BransonLaw, PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone:     (407) 894-6834
Facsimile:      (407) 894-8559
E-mail:         jeff@bransonlaw.com

**Notice to the Person who Issues or Requests this Subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)**

I received this subpoena for (name of individual and title, if any): **Garrett Law Firm, P.A.** on **March 30, 2018**.

☒I served the subpoena by delivering a copy to the named person as follows:

> **Garrett Law Firm, P.A.**
> c/o Mark W. Garrett, Registered Agent
> 1850 Lee Road, Suite 302
> Winter Park, Florida 32789

Via U.S. Mail on (date) **March 30, 2018**; or

☐ I returned the subpoena unexecuted because: _____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Date: March 30, 2018

Server's Signature

Jeffrey S. Ainsworth

Printed Name

1501 E. Concord Street, Orlando, FL 32803

Servers Address

Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(d) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(iii)      is a party or a party's officer; or

(iv)is commanded to attend a trial and would not incur substantial expense.

*(3) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(e) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made,

the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(4) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(v) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(vi) subjects a person to undue burden.

(C) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(D) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(2) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in

the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(3) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**

Fed. R. Civ. P. 45(a) Committee Note (2013)

• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.

• The party serving the subpoena should make reasonable provisions for prompt access.

• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## EXHIBIT "A"

## INSTRUCTION AND DEFINITIONS

Unless otherwise specified, the following words and terms as used herein shall, when utilized, mean as follows:

## I.    INSTRUCTIONS

A.    This document request is continuing in nature.  When new knowledge or information comes to your attention you shall supplement the information supplied in the answers to the document request forthwith.

B.    For each and every Request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.  Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.  All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.  If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C.    If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:

1.    The name(s) of the author(s) of the document;

2.    The name(s) of the person(s) to whom the documents or copies were sent;

3.    The date of the document;

4.    The date on which the document was received by each addressee, copyee, or its recipients;

5.    A complete description of the nature and subject matter of the document;

6.    The date on which the document was lost, discarded, or destroyed; and

7.    The manner in which the document was lost, discarded, or destroyed.

D.     With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.  In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

1.     The name(s) of the sender(s) of the document;

2.     The name(s) of the author(s) of the document;

3.     The name(s) of the person(s) to whom the document or copies were sent;

4.     The job title of every person named in subparagraphs 1, 2 and 3 above;
5.     The date of the document;

6.     The date on which the document was received by each addressee, copyee, or its recipient;

7.     A brief description of the nature and subject matter of the document; and

8.     The statute, rule, or decision which is claimed to give rise to the privilege.

E.     If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person who has possession, custody, or control of the requested document(s).

F.     All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

G.     Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.     The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

I.     "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

J.     "Any" and "all" shall be construed to bring within the scope of this request any

information which might be construed to relate to the subject matter of the request.

K.     The use of the singular form of any word includes the plural and vice versa.

L.     All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.     The relevant time period of these requests is October 1, 2008 to the present, unless otherwise stated in a particular request for production, and shall include all documents which relate or refer to this period even though prepared before or subsequent to period.

## II.    **DEFINITIONS**

1.     The words **"and"** and **"or"** shall be construed as both conjunctive and disjunctive, so that a series of persons or things joined by the words "and" and "or" shall refer to any, all, or any combination of them.

2.     The terms **"communication"** and **"communications"** shall interchangeably mean any oral or written statement, dialogue, colloquy, discussion or conversation or exchange of information of any type, and any transfer of thoughts or ideas between any two or more persons, including but not limited to documents, telephone or face-to-face conversations, meetings, conferences, or transfer of data from one location to another by electronic or similar means.

3.     The terms **"concerning," "concerns,"** or any other derivative thereof, as used herein  includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on,  regarding, discussing, showing, describing, reflecting,  analyzing and constituting.

4.     The term **"correspondence"** shall mean any and all letters, facsimiles, transmitted memoranda, memorialized oral communications, e-mails, or other communications or documents exchanged or transmitted with another person or entity.

5.     **"Debtor"** shall mean Adrian McCloskey.

6.     The terms **"Document"** or **"documents"** means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to the original and any identical or non-identical copy or draft or revision thereof, regardless of origin or location, of any writing or record of any type or description, including, but not limited to: the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, study, handwritten or other note, working paper, chart, paper graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of electronic mail or telephone

conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, purchase order, bill of lading, bid tabulation, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photograph negative, phone record, tape recording, wire recording, phonorecord, transcript or recordings, drawing, catalog, brochure, or any other data compilations in any format (including computer hard drives, discs, diskettes, compact disk, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages and all other oral communications) and specifically including ESI (as defined herein).  All sources are intended to be encompassed, including but not limited to Defendant, other parties to this litigation and any other person, firm or corporation or governmental entity which has communicated with Defendant on the subject matter covered by the lawsuit or the request in questions.  **ESI shall be produced in the format described in Part IV**.

7.      **"Deponent"**, **"examinee"**, **"you"**, and **"your"** shall mean the party upon whom this subpoena is served and all of his/her authorized employees, agents, or others purporting to act on his/her behalf, including all corporate aliases, affiliates and subsidiaries of deponent.

8.      **"Emerald Investments"** shall mean Emerald Investments, LLC.

9.      **"Emerald Properties"** shall mean Emerald Properties, LLC.

10.     The term **"ESI"** means any electronically stored information-including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

11.      The word **"person"** shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise and includes both the singular and plural.

12.     **"Possession, custody, or control"** as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

13.     **"State Court Litigation"** shall mean that certain litigation filed and pending in the Circuit Court for the 9th Judicial Circuit in and for Osceola County, Florida and styled *the Estate of: Trust Agreement Establishing the Commercial Settlement*

*Real Estate Trust*, Case No. 2017-CP-000008.

14.    The terms **"support," "evidence," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to,"** and **"regarding"** shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

15.    Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any Interrogatory.

16.    Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

## III.    DOCUMENTS REQUESTED[2]

## THE DEPONENT SHALL PRODUCE THE FOLLOWING DOCUMENTS:

1.    All documents relating to or referencing Debtor.

2.    All communications with or relating to Debtor.

3.    All documents relating to or referencing Emerald Properties.

4.    All communications with or relating to Emerald Properties.

5.    Any and all documents in Your care, custody or control evidencing, relating to, or referring to the Debtor's financial condition, including but not limited to, any financial statements and data provided to You by or on behalf of the Debtor.

6.    Any and all documents in Your care, custody or control evidencing, relating to, or referring to the Emerald Properties' financial condition, including but not limited to, any financial statements and data provided to You by or on behalf of the Emerald Properties.

7.    Any and all Federal, State or local tax returns of the Debtor (and all attached schedules and forms).

8.    Any and all Federal, State or local tax returns of Emerald Properties (and all attached schedules and forms).

---

[2] To the extent any or all documents or records responsive to the Requests are in electronic format, please contact the issuing attorney to make arrangements.

9.      Any and all invoices and statements submitted by You to the Debtor for services rendered.

10.     Any and all invoices and statements submitted by You to Emerald Properties for services rendered.

11.     Any and all documents evidencing receipt of payment for any and all services You provided to the Debtor or on the Debtor's behalf.

12.     Any and all documents evidencing receipt of payment for any and all services You provided to Emerald Properties or on the Emerald Properties' behalf.

13.     Any and all documents showing, reflecting or relating to any and all compensation, consideration, payments or other benefit You received from or on behalf of the Debtor.

14.     Any and all documents showing, reflecting or relating to any and all compensation, consideration, payments or other benefit You received from or on behalf of Emerald Properties.

15.     Any and all documents evidencing, relating to, or referring to any and all internal and external correspondence and communications relating to the Debtor's assets, liabilities operations or business affairs.

16.     Any and all documents evidencing, relating to, or referring to any and all internal and external correspondence and communications relating to the Emerald Properties' assets, liabilities operations or business affairs.

17.     Any and all business plans, forecasts and projections reflecting or relating to the Debtor.

18.     Any and all business plans, forecasts and projections reflecting or relating to Emerald Properties.

19.     Any and all documents in Your care, custody or control reflecting or relating to Debtor's general ledgers, accounts receivables and accounts payable.

20.     Any and all documents in Your care, custody or control reflecting or relating to Emerald Properties' general ledgers, accounts receivables and accounts payable.

21.     Any and all documents in Your care, custody or control reflecting or relating to the Debtor's interim and year-end financial statements.

22.     Any and all documents in Your care, custody or control reflecting or relating to the Emerald Properties' interim and year-end financial statements.

23.     Any and all handwritten, typed or recorded notes taken by You or on Your behalf regarding Emerald Properties, or the assets, liabilities, operations or business

affairs of Emerald Properties.

24.     All trust account records relating to Emerald Properties, including but not limited to any bank statements or trust ledgers.

25.     Any and all documents in Your care, custody or control reflecting or relating to Emerald Properties' transfer of any assets.

26.     To the extent not requested above, Your entire file with respect to the Emerald Properties.

## IV - Production of Electronically Stored Information (ESI) FORM OF PRODUCTION

Ouachita requests that all ESI (electronically stored information) be produced as follows:

ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with ALL native files provided and word searchable OCR/extracted text (Optical Character Recognized- i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

The files should be delivered with the following folder structure:

**IMAGES-** contains the TIF and JPG files, up to 10,000 items.
**DATA-** contains the OPT and LFP files and the metadata text file (DAT)
**NATIVES** - contains all the original native files named as the BEGDOC
**TEXT** - contains the document-level OCR/Extracted text files named as the BEGDOC

| Eclipse Metadata Field | Field Description |
|---|---|
| BegDoc | BegDoc |
| EndDoc | EndDoc |
| BegA.ttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |
| cc | CC (Name + email) |
| Companies | Company name |
| Custodian | Custodian (Last, First) |

| DateCreated | Date created (MM/DDNYYY) |
|---|---|
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent (MMIDD/YYYY) |
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name+ email) |
| Hash Code | MD5hash |
| Header | Email header |
| IntemetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password Protect | Y/N field |
| Read | Y/N |
| SHA1 | SHA1 hash |
| Sources | CD, DVD hard drive: brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

**For .xis (Excel), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| Excel Comments | Comments |
|---|---|
| Excel HiddenColumns | Hidden Columns |
| Excel HiddenRows | Hidden Rows |
| Excel HiddenWorksheets | Hidden Worksheets |
| Num Lines | Number of lines |
| Num Paragraphs | Number of paragraphs |
| Num slides | Number of slides |
| Num Notes | Number of notes |
| Num HiddenSlides | Number of hidden slides |
| Num Multimedia | Number of multimedia clips |
| Security | Security |

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
### www.flmb.uscourts.gov

IN RE:

                                    **Case No.: 6:15-bk-02095-CCJ**

**ADRIAN MCCLOSKEY**

                                    **Chapter 7**

             **Debtor.**

_____/

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE

TO:       **IC BP III Holdings XXIII, LLC**
                 c/o VCORP Services, LLC, Registered Agent
                 5011 South State Road 7, Suite 106
                 Davie, FL 33314

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the materials:

***The items specified in Schedule "A" attached hereto.***

| PLACE:   **BransonLaw, PLLC** | DATE AND TIME |
|---|---|
|          **1501 E. Concord Street** | |
|          **Orlando, Florida 32832** | **April 26, 2018 by 12:00 p.m.** |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land or other property possessed or controlled by you at the time, date and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed.R.Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **3/30/18**

                              CLERK OF COURT

                                  OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *Ouachita Financial Services, LLC* who issues or requests this subpoena, are:

Jeffrey S. Ainsworth, Esquire
Florida Bar. No. 60769
**BransonLaw, PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone:   (407) 894-6834
Facsimile:   (407) 894-8559
E-mail:   jeff@bransonlaw.com

**Notice to the Person who Issues or Requests this Subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)**

I received this subpoena for (name of individual and title, if any): **IC BP III Holdings XXIII, LLC on March 30, 2018**.

☒I served the subpoena by delivering a copy to the named person as follows:

**IC BP III Holdings XXIII, LLC**
c/o VCORP Services, LLC, Registered Agent
5011 South State Road 7, Suite 106
Davie, FL 33314

Via U.S. Mail on (date) **March 30, 2018**; or

☐ I returned the subpoena unexecuted because: _____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Date: March 30, 2018

Server's Signature

Jeffrey S. Ainsworth

Printed Name

1501 E. Concord Street, Orlando, FL 32803

Servers Address

Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(e) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(v) is a party or a party's officer; or

(vi) is commanded to attend a trial and would not incur substantial expense.

*(4) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(f) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made,

the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(5) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(vii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(viii)   subjects a person to undue burden.

(D) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(E) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(3) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in

the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(4) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)

• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## EXHIBIT "A"

## INSTRUCTION AND DEFINITIONS

Unless otherwise specified, the following words and terms as used herein shall, when utilized, mean as follows:

## I.    INSTRUCTIONS

A.    This document request is continuing in nature.  When new knowledge or information comes to your attention you shall supplement the information supplied in the answers to the document request forthwith.

B.    For each and every Request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.  Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.  All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.  If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C.    If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:

1.    The name(s) of the author(s) of the document;

2.    The name(s) of the person(s) to whom the documents or copies were sent;

3.    The date of the document;

4.    The date on which the document was received by each addressee, copyee, or its recipients;

5.    A complete description of the nature and subject matter of the document;

6.    The date on which the document was lost, discarded, or destroyed; and

7.    The manner in which the document was lost, discarded, or destroyed.

D.       With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.   In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

           1.       The name(s) of the sender(s) of the document;

           2.       The name(s) of the author(s) of the document;

           3.       The name(s) of the person(s) to whom the document or copies were sent;

           4.       The job title of every person named in subparagraphs 1, 2 and 3 above;
           5.       The date of the document;

           6.       The date on which the document was received by each addressee, copyee, or its recipient;

           7.       A brief description of the nature and subject matter of the document; and

           8.       The statute, rule, or decision which is claimed to give rise to the privilege.

E.       If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person who has possession, custody, or control of the requested document(s).

F.       All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

G.       Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.       The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

I.       "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

J.       "Any" and "all" shall be construed to bring within the scope of this request any

information which might be construed to relate to the subject matter of the request.

K.      The use of the singular form of any word includes the plural and vice versa.

L.      All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.      The relevant time period of these requests is October 1, 2008 to the present, unless otherwise stated in a particular request for production, and shall include all documents which relate or refer to this period even though prepared before or subsequent to period.

## II.   DEFINITIONS

1.      The words **"and"** and **"or"** shall be construed as both conjunctive and disjunctive, so that a series of persons or things joined by the words "and" and "or" shall refer to any, all, or any combination of them.

2.      The terms **"communication"** and **"communications"** shall interchangeably mean any oral or written statement, dialogue, colloquy, discussion or conversation or exchange of information of any type, and any transfer of thoughts or ideas between any two or more persons, including but not limited to documents, telephone or face-to-face conversations, meetings, conferences, or transfer of data from one location to another by electronic or similar means.

3.      The terms **"concerning,"** **"concerns,"** or any other derivative thereof, as used herein includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing and constituting.

4.      The term **"correspondence"** shall mean any and all letters, facsimiles, transmitted memoranda, memorialized oral communications, e-mails, or other communications or documents exchanged or transmitted with another person or entity.

5.      **"Debtor"** shall mean Adrian McCloskey.

6.      The terms **"Document"** or **"documents"** means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to the original and any identical or non-identical copy or draft or revision thereof, regardless of origin or location, of any writing or record of any type or description, including, but not limited to: the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, study, handwritten or other note, working paper, chart, paper graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of electronic mail or telephone

conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, purchase order, bill of lading, bid tabulation, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photograph negative, phone record, tape recording, wire recording, phonorecord, transcript or recordings, drawing, catalog, brochure, or any other data compilations in any format (including computer hard drives, discs, diskettes, compact disk, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages and all other oral communications) and specifically including ESI (as defined herein). All sources are intended to be encompassed, including but not limited to Defendant, other parties to this litigation and any other person, firm or corporation or governmental entity which has communicated with Defendant on the subject matter covered by the lawsuit or the request in questions. **ESI shall be produced in the format described in Part IV**.

7. **"Deponent", "examinee", "you",** and **"your"** shall mean the party upon whom this subpoena is served and all of his/her authorized employees, agents, or others purporting to act on his/her behalf, including all corporate aliases, affiliates and subsidiaries of deponent.

8. **"Emerald Investments"** shall mean Emerald Investments, LLC.

9. **"Emerald Properties"** shall mean Emerald Properties, LLC.

10. The term **"ESI"** means any electronically stored information-including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

11. The word **"person"** shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise and includes both the singular and plural.

12. **"Possession, custody, or control"** as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

13. **"State Court Litigation"** shall mean that certain litigation filed and pending in the Circuit Court for the 9th Judicial Circuit in and for Osceola County, Florida and styled *the Estate of: Trust Agreement Establishing the Commercial Settlement*

*Real Estate Trust*, Case No. 2017-CP-000008.

14.    The terms **"support," "evidence," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to,"** and **"regarding"** shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

15.    Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any Interrogatory.

16.    Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

## III.    DOCUMENTS REQUESTED[3]

## THE DEPONENT SHALL PRODUCE THE FOLLOWING DOCUMENTS:

1.    All documents relating to or referencing Debtor.

2.    All communications with or relating to Debtor.

3.    All documents relating to or referencing Emerald Properties.

4.    All communications with or relating to Emerald Properties.

5.    Any and all documents in Your care, custody or control evidencing, relating to, or referring to the Debtor's financial condition, including but not limited to, any financial statements and data provided to You by or on behalf of the Debtor.

6.    Any and all documents in Your care, custody or control evidencing, relating to, or referring to the Emerald Properties' financial condition, including but not limited to, any financial statements and data provided to You by or on behalf of the Emerald Properties.

7.    Any and all Federal, State or local tax returns of the Debtor (and all attached schedules and forms).

8.    Any and all Federal, State or local tax returns of Emerald Properties (and all attached schedules and forms).

---

[3] To the extent any or all documents or records responsive to the Requests are in electronic format, please contact the issuing attorney to make arrangements.

9.    Any and all documents showing, reflecting or relating to any and all compensation, consideration, payments or other benefit You paid to or paid on behalf of the Debtor.

10.   Any and all documents showing, reflecting or relating to any and all compensation, consideration, payments or other benefit You paid to or paid on behalf of Emerald Properties.

11.   Any and all documents evidencing, relating to, or referring to any and all internal and external correspondence and communications relating to the Debtor's assets, liabilities operations or business affairs.

12.   Any and all documents evidencing, relating to, or referring to any and all internal and external correspondence and communications relating to the Emerald Properties' assets, liabilities operations or business affairs.

13.   Any and all business plans, forecasts and projections reflecting or relating to the Debtor.

14.   Any and all business plans, forecasts and projections reflecting or relating to Emerald Properties.

15.   Any and all documents in Your care, custody or control reflecting or relating to Debtor's general ledgers, accounts receivables and accounts payable.

16.   Any and all documents in Your care, custody or control reflecting or relating to Emerald Properties' general ledgers, accounts receivables and accounts payable.

17.   Any and all documents in Your care, custody or control reflecting or relating to the Debtor's interim and year-end financial statements.

18.   Any and all documents in Your care, custody or control reflecting or relating to the Emerald Properties' interim and year-end financial statements.

19.   Any and all handwritten, typed or recorded notes taken by You or on Your behalf regarding Emerald Properties, or the assets, liabilities, operations or business affairs of Emerald Properties.

20.   Any and all documents in Your care, custody or control reflecting or relating to Emerald Properties' transfer of any assets.

21.   To the extent not requested above, Your entire file with respect to the Emerald Properties.

## IV - Production of Electronically Stored Information (ESI) FORM OF PRODUCTION

Ouachita requests that all ESI (electronically stored information) be produced as follows:

ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with ALL native files provided and word searchable OCR/extracted text (Optical Character Recognized- i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

The files should be delivered with the following folder structure:

**IMAGES**- contains the TIF and JPG files, up to 10,000 items.
**DATA-** contains the OPT and LFP files and the metadata text file (DAT)
**NATIVES** - contains all the original native files named as the BEGDOC
**TEXT** - contains the document-level OCR/Extracted text files named as the BEGDOC

| Eclipse Metadata Field | Field Description |
| --- | --- |
| BegDoc | BegDoc |
| EndDoc | EndDoc |
| BegA.ttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |
| cc | CC (Name + email) |
| Companies | Company name |
| Custodian | Custodian (Last, First) |
| DateCreated | Date created (MM/DDNYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent (MMIDD/YYYY) |

| Eclipse Metadata Field | Field Description |
|---|---|
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name+ email) |
| Hash Code | MD5hash |
| Header | Email header |
| IntemetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password Protect | Y/N field |
| Read | Y/N |
| SHA1 | SHA1 hash |
| Sources | CD, DVD hard drive: brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

**For .xls (Excel), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| Excel Comments | Comments |
|---|---|
| Excel HiddenColumns | Hidden Columns |
| Excel HiddenRows | Hidden Rows |
| Excel HiddenWorksheets | Hidden Worksheets |
| Num Lines | Number of lines |
| Num Paragraphs | Number of paragraphs |
| Num slides | Number of slides |
| Num Notes | Number of notes |
| Num HiddenSlides | Number of hidden slides |
| Num Multimedia | Number of multimedia clips |
| Security | Security |

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
### www.flmb.uscourts.gov

IN RE:

                                **Case No.: 6:15-bk-02095-CCJ**

**ADRIAN MCCLOSKEY**

                                **Chapter 7**

        **Debtor.**

_____/

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE

TO:      **Reunion Bank of Florida**
               c/o Joseph C.L. Wettach, Esquire Registered Agent
               315 E. Robinson Street, Suite 600
               Orlando, Florida 32801

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the materials:

*The items specified in Schedule "A" attached hereto.*

| PLACE: **BransonLaw, PLLC** **1501 E. Concord Street** **Orlando, Florida 32832** | DATE AND TIME **April 26, 2018 by 12:00 p.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land or other property possessed or controlled by you at the time, date and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed.R.Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/30/18

                     CLERK OF COURT

                         OR

_____

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing ***Ouachita Financial Services, LLC*** who issues or requests this subpoena, are:

Jeffrey S. Ainsworth, Esquire
Florida Bar. No. 60769
**BransonLaw, PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone:    (407) 894-6834
Facsimile:    (407) 894-8559
E-mail:    jeff@bransonlaw.com

---

**Notice to the Person who Issues or Requests this Subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)**

I received this subpoena for (name of individual and title, if any): **Reunion Bank of Florida** on **March 30, 2018**.

☒I served the subpoena by delivering a copy to the named person as follows:

> **Reunion Bank of Florida**
> c/o Joseph C.L. Wettach, Esquire Registered Agent
> 315 E. Robinson Street, Suite 600
> Orlando, FL 32801

Via U.S. Mail on (date) **March 30, 2018**; or

☐ I returned the subpoena unexecuted because: _____

---

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Date: March 30, 2018

Server's Signature

Jeffrey S. Ainsworth

Printed Name

1501 E. Concord Street, Orlando, FL 32803

Servers Address

Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(f)  Place of compliance.**

*(1)  For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A)  within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B)  within the state where the person resides, is employed, or regularly transacts business in person, if the person
(vii)    is a party or a party's officer; or
(viii)   is commanded to attend a trial and would not incur substantial expense.

*(5)  For Other Discovery.*  A subpoena may command:
(A)  production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B)  inspection of premises, at the premises to be inspected.

**(g)  Protecting a Person Subject to a Subpoena; Enforcement.**

*(1)  Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2)  Command to Produce Materials or Permit Inspection.*
(A)  Appearance Not Required.  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B)  Objections.  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
(i)  At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(6)  Quashing or Modifying a Subpoena.*
(A)  When Required.  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(ix)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(x)  subjects a person to undue burden.
(E)  When Permitted.  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i)  disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(F)  Specifying Conditions as an Alternative.  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e)  Duties in Responding to a Subpoena.**

*(4)  Producing Documents or Electronically Stored Information.*  These procedures apply to producing documents or electronically stored information:
(A)  Documents.  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in
the demand.
(B)  Form for Producing Electronically Stored Information Not Specified.  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C)  Electronically Stored Information Produced in Only One Form.  The person responding need not produce the same electronically stored information in more than one form.
(D)  Inaccessible Electronically Stored Information.  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(5)  Claiming Privilege or Protection.*

(A)  Information Withheld.  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i)  expressly make the claim; and
(ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B)  Information Produced.  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g)  Contempt.**  The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## EXHIBIT "A"

## INSTRUCTION AND DEFINITIONS

Unless otherwise specified, the following words and terms as used herein shall, when utilized, mean as follows:

## I.   INSTRUCTIONS

A.     This document request is continuing in nature.   When new knowledge or information comes to your attention you shall supplement the information supplied in the answers to the document request forthwith.

B.     For each and every Request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.   Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.   All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C.     If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:

1.     The name(s) of the author(s) of the document;

2.     The name(s) of the person(s) to whom the documents or copies were sent;

3.     The date of the document;

4.     The date on which the document was received by each addressee, copyee, or its recipients;

5.     A complete description of the nature and subject matter of the document;

6.     The date on which the document was lost, discarded, or destroyed; and

7.     The manner in which the document was lost, discarded, or destroyed.

D.      With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.   In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

1.      The name(s) of the sender(s) of the document;

2.      The name(s) of the author(s) of the document;

3.      The name(s) of the person(s) to whom the document or copies were sent;

4.      The job title of every person named in subparagraphs 1, 2 and 3 above;
5.      The date of the document;

6.      The date on which the document was received by each addressee, copyee, or its recipient;

7.      A brief description of the nature and subject matter of the document; and

8.      The statute, rule, or decision which is claimed to give rise to the privilege.

E.      If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person who has possession, custody, or control of the requested document(s).

F.      All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

G.      Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.      The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

I.      "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

J.      "Any" and "all" shall be construed to bring within the scope of this request any

information which might be construed to relate to the subject matter of the request.

K.      The use of the singular form of any word includes the plural and vice versa.

L.      All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.      The relevant time period of these requests is October 1, 2008 to the present, unless otherwise stated in a particular request for production, and shall include all documents which relate or refer to this period even though prepared before or subsequent to period.

## II.   **DEFINITIONS**

1.      The words **"and"** and **"or"** shall be construed as both conjunctive and disjunctive, so that a series of persons or things joined by the words "and" and "or" shall refer to any, all, or any combination of them.

2.      The terms **"communication"** and **"communications"** shall interchangeably mean any oral or written statement, dialogue, colloquy, discussion or conversation or exchange of information of any type, and any transfer of thoughts or ideas between any two or more persons, including but not limited to documents, telephone or face-to-face conversations, meetings, conferences, or transfer of data from one location to another by electronic or similar means.

3.      The terms **"concerning,"** **"concerns,"** or any other derivative thereof, as used herein includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on,  regarding, discussing, showing, describing, reflecting,  analyzing and constituting.

4.      The term **"correspondence"** shall mean any and all letters, facsimiles, transmitted memoranda, memorialized oral communications, e-mails, or other communications or documents exchanged or transmitted with another person or entity.

5.      **"Debtor"** shall mean Adrian McCloskey.

6.      The terms **"Document"** or **"documents"** means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to the original and any identical or non-identical copy or draft or revision thereof, regardless of origin or location, of any writing or record of any type or description, including, but not limited to: the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, study, handwritten or other note, working paper, chart, paper graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of electronic mail or telephone

conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, purchase order, bill of lading, bid tabulation, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photograph negative, phone record, tape recording, wire recording, phonorecord, transcript or recordings, drawing, catalog, brochure, or any other data compilations in any format (including computer hard drives, discs, diskettes, compact disk, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages and all other oral communications) and specifically including ESI (as defined herein). All sources are intended to be encompassed, including but not limited to Defendant, other parties to this litigation and any other person, firm or corporation or governmental entity which has communicated with Defendant on the subject matter covered by the lawsuit or the request in questions. **ESI shall be produced in the format described in Part IV**.

7.  **"Deponent", "examinee", "you",** and **"your"** shall mean the party upon whom this subpoena is served and all of his/her authorized employees, agents, or others purporting to act on his/her behalf, including all corporate aliases, affiliates and subsidiaries of deponent.

8.  **"Emerald Investments"** shall mean Emerald Investments, LLC.

9.  **"Emerald Properties"** shall mean Emerald Properties, LLC.

10. The term **"ESI"** means any electronically stored information-including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

11. The word **"person"** shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise and includes both the singular and plural.

12. **"Possession, custody, or control"** as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

13. **"State Court Litigation"** shall mean that certain litigation filed and pending in the Circuit Court for the 9th Judicial Circuit in and for Osceola County, Florida and styled *the Estate of: Trust Agreement Establishing the Commercial Settlement*

*Real Estate Trust*, Case No. 2017-CP-000008.

14. The terms **"support," "evidence," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to,"** and **"regarding"** shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

15. Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any Interrogatory.

16. Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

## III.   DOCUMENTS REQUESTED[4]

## THE DEPONENT SHALL PRODUCE THE FOLLOWING DOCUMENTS:

1. All documents relating to or referencing Debtor.

2. All communications with or relating to Debtor.

3. All documents relating to or referencing Emerald Properties.

4. All communications with or relating to Emerald Properties.

5. All Documents, including bank account records, in your possession, custody and/or control which relate to, concern or evidence the receipt by the Debtor, directly or indirectly, of any proceeds of any Loan made from You to the Debtor.

6. All Documents, including bank account records, in your possession, custody and/or control which relate to, concern or evidence the receipt by Emerald Properties, directly or indirectly, of any proceeds of the Loan made from You to Emerald Properties.

7. Any and all Documents in Your possession, custody or control in any way related to the Debtor.

8. Any and all Documents in Your possession, custody, or control in any way related to Emerald Properties.

---

[4] To the extent any or all documents or records responsive to the Requests are in electronic format, please contact the issuing attorney to make arrangements.

## IV - Production of Electronically Stored Information (ESI) FORM OF PRODUCTION

Ouachita requests that all ESI (electronically stored information) be produced as follows:

ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with ALL native files provided and word searchable OCR/extracted text (Optical Character Recognized- i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

The files should be delivered with the following folder structure:

**IMAGES-** contains the TIF and JPG files, up to 10,000 items.
**DATA-** contains the OPT and LFP files and the metadata text file (DAT)
**NATIVES** - contains all the original native files named as the BEGDOC
**TEXT** - contains the document-level OCR/Extracted text files named as the BEGDOC

| Eclipse Metadata Field | Field Description |
|---|---|
| BegDoc | BegDoc |
| EndDoc | EndDoc |
| BegA.ttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |
| cc | CC (Name + email) |
| Companies | Company name |
| Custodian | Custodian (Last, First) |
| DateCreated | Date created (MM/DDNYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent (MMIDD/YYYY) |

| Eclipse Metadata Field | Field Description |
|---|---|
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name+ email) |
| Hash Code | MD5hash |
| Header | Email header |
| IntemetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password Protect | Y/N field |
| Read | Y/N |
| SHA1 | SHA1 hash |
| Sources | CD, DVD hard drive: brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

**For .xis (Excel), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| Excel Comments | Comments |
|---|---|
| Excel HiddenColumns | Hidden Columns |
| Excel HiddenRows | Hidden Rows |
| Excel HiddenWorksheets | Hidden Worksheets |
| Num Lines | Number of lines |
| Num Paragraphs | Number of paragraphs |
| Num slides | Number of slides |
| Num Notes | Number of notes |
| Num HiddenSlides | Number of hidden slides |
| Num Multimedia | Number of multimedia clips |
| Security | Security |

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION
#### www.flmb.uscourts.gov

IN RE:

**ADRIAN MCCLOSKEY**

          Debtor.

**Case No.: 6:15-bk-02095-CCJ**

**Chapter 7**

_____/

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE

**TO:**      **Garganese, Weiss & D'Agresta, P.A.**
          c/o Anthony A. Garganese, Registered Agent
          111 N. Orange Ave., Suite 2000
          Orlando, Florida 32801

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the materials:

***The items specified in Schedule "A" attached hereto.***

| PLACE: **BransonLaw, PLLC** <br> **1501 E. Concord Street** <br> **Orlando, Florida 32832** | DATE AND TIME <br><br> **April 26, 2018 by 12:00 p.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land or other property possessed or controlled by you at the time, date and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed.R.Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/30/18

                     CLERK OF COURT

                        OR

_____          _____
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing *Ouachita Financial Services, LLC* who issues or requests this subpoena, are:

Jeffrey S. Ainsworth, Esquire
Florida Bar. No. 60769
**BransonLaw, PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone:      (407) 894-6834
Facsimile:      (407) 894-8559
E-mail:       jeff@bransonlaw.com

**Notice to the Person who Issues or Requests this Subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## **PROOF OF SERVICE**

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)**

I received this subpoena for (name of individual and title, if any): **Garganese, Weiss & D'Agresta, P.A.** on **March 30, 2018**.

☒I served the subpoena by delivering a copy to the named person as follows:

> **Garganese, Weiss & D'Agresta, P.A.**
> c/o Anthony A. Garganese, Registered Agent
> 111 N. Orange Avenue, Suite 2000
> Orlando, Florida 32801

Via U.S. Mail on (date) **March 30, 2018**; or

☐ I returned the subpoena unexecuted because: _____

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Date: March 30, 2018

Server's Signature

Jeffrey S. Ainsworth
Printed Name
1501 E. Concord Street, Orlando, FL 32803
Servers Address

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(g) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (ix)      is a party or a party's officer; or
  (x) is commanded to attend a trial and would not incur substantial expense.

*(6) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(h) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(7) Quashing or Modifying a Subpoena.*
  (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (xi) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (xii) subjects a person to undue burden.
  (F) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (G) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(5) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in
the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(6) Claiming Privilege or Protection.*

  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

**EXHIBIT "A"**

**INSTRUCTION AND DEFINITIONS**

Unless otherwise specified, the following words and terms as used herein shall, when utilized, mean as follows:

## I.    INSTRUCTIONS

A.    This document request is continuing in nature.    When new knowledge or information comes to your attention you shall supplement the information supplied in the answers to the document request forthwith.

B.    For each and every Request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.    Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.    All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.  If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C.    If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:

1.    The name(s) of the author(s) of the document;

2.    The name(s) of the person(s) to whom the documents or copies were sent;

3.    The date of the document;

4.    The date on which the document was received by each addressee, copyee, or its recipients;

5.    A complete description of the nature and subject matter of the document;

6.    The date on which the document was lost, discarded, or destroyed; and

7.    The manner in which the document was lost, discarded, or destroyed.

D.      With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.  In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

1.      The name(s) of the sender(s) of the document;

2.      The name(s) of the author(s) of the document;

3.      The name(s) of the person(s) to whom the document or copies were sent;

4.      The job title of every person named in subparagraphs 1, 2 and 3 above;
5.      The date of the document;

6.      The date on which the document was received by each addressee, copyee, or its recipient;

7.      A brief description of the nature and subject matter of the document; and

8.      The statute, rule, or decision which is claimed to give rise to the privilege.

E.      If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person who has possession, custody, or control of the requested document(s).

F.      All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

G.      Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.      The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

I.      "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

J.      "Any" and "all" shall be construed to bring within the scope of this request any

information which might be construed to relate to the subject matter of the request.

K.    The use of the singular form of any word includes the plural and vice versa.

L.    All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.    The relevant time period of these requests is October 1, 2008 to the present, unless otherwise stated in a particular request for production, and shall include all documents which relate or refer to this period even though prepared before or subsequent to period.

## II.    DEFINITIONS

1.    The words **"and"** and **"or"** shall be construed as both conjunctive and disjunctive, so that a series of persons or things joined by the words "and" and "or" shall refer to any, all, or any combination of them.

2.    The terms **"communication"** and **"communications"** shall interchangeably mean any oral or written statement, dialogue, colloquy, discussion or conversation or exchange of information of any type, and any transfer of thoughts or ideas between any two or more persons, including but not limited to documents, telephone or face-to-face conversations, meetings, conferences, or transfer of data from one location to another by electronic or similar means.

3.    The terms **"concerning,"** **"concerns,"** or any other derivative thereof, as used herein  includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on,  regarding, discussing, showing, describing, reflecting, analyzing and constituting.

4.    The term **"correspondence"** shall mean any and all letters, facsimiles, transmitted memoranda, memorialized oral communications, e-mails, or other communications or documents exchanged or transmitted with another person or entity.

5.    **"Debtor"** shall mean Adrian McCloskey.

6.    The terms **"Document"** or **"documents"** means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to the original and any identical or non-identical copy or draft or revision thereof, regardless of origin or location, of any writing or record of any type or description, including, but not limited to: the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, study, handwritten or other note, working paper, chart, paper graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of electronic mail or telephone

conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, purchase order, bill of lading, bid tabulation, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photograph negative, phone record, tape recording, wire recording, phonorecord, transcript or recordings, drawing, catalog, brochure, or any other data compilations in any format (including computer hard drives, discs, diskettes, compact disk, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages and all other oral communications) and specifically including ESI (as defined herein). All sources are intended to be encompassed, including but not limited to Defendant, other parties to this litigation and any other person, firm or corporation or governmental entity which has communicated with Defendant on the subject matter covered by the lawsuit or the request in questions. **ESI shall be produced in the format described in Part IV.**

7.  **"Deponent", "examinee", "you",** and **"your"** shall mean the party upon whom this subpoena is served and all of his/her authorized employees, agents, or others purporting to act on his/her behalf, including all corporate aliases, affiliates and subsidiaries of deponent.

8.  **"Emerald Investments"** shall mean Emerald Investments, LLC.

9.  **"Emerald Properties"** shall mean Emerald Properties, LLC.

10. The term **"ESI"** means any electronically stored information-including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

11. The word **"person"** shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise and includes both the singular and plural.

12. **"Possession, custody, or control"** as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

13. **"State Court Litigation"** shall mean that certain litigation filed and pending in the Circuit Court for the 9th Judicial Circuit in and for Osceola County, Florida and styled *the Estate of: Trust Agreement Establishing the Commercial Settlement*

*Real Estate Trust*, Case No. 2017-CP-000008.

14. **"Trust"** shall mean the Commercial Settlement Real Estate Trust dated December 10, 2010.

15. The terms **"support," "evidence," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to,"** and **"regarding"** shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

16. Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any Interrogatory.

17. Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

## III.    DOCUMENTS REQUESTED[5]

## THE DEPONENT SHALL PRODUCE THE FOLLOWING DOCUMENTS:

1. All documents relating to or referencing Debtor.

2. All communications with or relating to Debtor.

3. All documents relating to or referencing the Trust.

4. All communications with or relating to the Trust.

5. All documents relating to the State Court Litigation.

6. All communications with or relating to the State Court Litigation.

7. Any and all documents in Your care, custody or control evidencing, relating to, or referring to the Debtor's financial condition, including but not limited to, any financial statements and data provided to You by or on behalf of the Debtor.

8. Any and all documents in Your care, custody or control evidencing, relating to, or referring to the Trust's financial condition, including but not limited to, any financial statements and data provided to You by or on behalf of the Trust.

---

[5] To the extent any or all documents or records responsive to the Requests are in electronic format, please contact the issuing attorney to make arrangements.

9.  Any and all Federal, State or local tax returns of the Debtor (and all attached schedules and forms).

10. Any and all Federal, State or local tax returns of the Trust (and all attached schedules and forms).

11. Any and all invoices and statements submitted by You to the Debtor for services rendered.

12. Any and all invoices and statements submitted by You to the Trust for services rendered.

13. All documents you relied upon in providing any accounting services for the Trust.

14. Any and all documents evidencing, relating to, or referring to any and all internal and external correspondence and communications relating to the Trust's assets, liabilities operations or business affairs.

15. To the extent not requested above, Your entire file with respect to the Trust.

## IV - **Production of Electronically Stored Information (ESI) FORM OF PRODUCTION**

Ouachita requests that all ESI (electronically stored information) be produced as follows:

ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with ALL native files provided and word searchable OCR/extracted text (Optical Character Recognized- i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

The files should be delivered with the following folder structure:

**IMAGES-** contains the TIF and JPG files, up to 10,000 items.
**DATA-** contains the OPT and LFP files and the metadata text file (DAT)
**NATIVES** - contains all the original native files named as the BEGDOC
**TEXT** - contains the document-level OCR/Extracted text files named as the BEGDOC

| Eclipse Metadata Field | Field Description |
|---|---|
| BegDoc | BegDoc |
| EndDoc | EndDoc |
| BegA.ttach | BegAttach |
| EndAttach | EndAttach |

| Application | Application/Application Name |
|---|---|
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |
| cc | CC (Name + email) |
| Companies | Company name |
| Custodian | Custodian (Last, First) |
| DateCreated | Date created (MM/DDNYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent (MMIDD/YYYY) |
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name+ email) |
| Hash Code | MD5hash |
| Header | Email header |
| IntemetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password Protect | Y/N field |
| Read | Y/N |
| SHAI | SHAI hash |
| Sources | CD, DVD hard drive: brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

**For .xis (Excel), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| Excel Comments | Comments |
|---|---|
| Excel HiddenColumns | Hidden Columns |

| Excel HiddenRows | Hidden Rows |
| Excel HiddenWorksheets | Hidden Worksheets |
| Num Lines | Number of lines |
| Num Paragraphs | Number of paragraphs |
| Num slides | Number of slides |
| Num Notes | Number of notes |
| Num HiddenSlides | Number of hidden slides |
| Num Multimedia | Number of multimedia clips |
| Security | Security |

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
## www.flmb.uscourts.gov

IN RE:

**ADRIAN MCCLOSKEY**

       **Debtor.**

**Case No.: 6:15-bk-02095-CCJ**

**Chapter 7**

_____/

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE

TO:      **Emerald Investments, LLC**
             c/o Adrian McCloskey, Registered Agent
             8660 Crestgate Circle
             Orlando, Florida 32819

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the materials:

*The items specified in Schedule "A" attached hereto.*

| PLACE:  **BransonLaw, PLLC**<br>**1501 E. Concord Street**<br>**Orlando, Florida 32832** | DATE AND TIME<br>**April 26, 2018 by 12:00 p.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land or other property possessed or controlled by you at the time, date and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed.R.Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/30/18

                CLERK OF COURT

                    OR

_____

*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *Ouachita Financial Services, LLC* who issues or requests this subpoena, are:

Jeffrey S. Ainsworth, Esquire
Florida Bar. No. 60769
**BransonLaw, PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone:    (407) 894-6834
Facsimile:    (407) 894-8559
E-mail:       jeff@bransonlaw.com

### Notice to the Person who Issues or Requests this Subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45)

I received this subpoena for (name of individual and title, if any): **Emerald Investments, LLC** on **March 30, 2018**.

☒I served the subpoena by delivering a copy to the named person as follows:

**Emerald Investments, LLC**
c/o Adrian McCloskey, Registered Agent
8660 Crestgate Circle
Orlando, Florida 32819

Via U.S. Mail on (date) **March 30, 2018**; or

☐ I returned the subpoena unexecuted because: _____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Date: March 30, 2018

Server's Signature

Jeffrey S. Ainsworth
Printed Name

1501 E. Concord Street, Orlando, FL 32803
Servers Address

Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(h) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
 (xi)    is a party or a party's officer; or
 (xii)   is commanded to attend a trial and would not incur substantial expense.

*(7) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(i)  Protecting a Person Subject to a Subpoena; Enforcement.**

*(1)  Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
 (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
 (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(8) Quashing or Modifying a Subpoena.*
 (A)  When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
 (xiii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 (xiv)    subjects a person to undue burden.
 (G) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
 (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (H) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(6)  Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in
the demand.
 (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(7) Claiming Privilege or Protection.*

 (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 (i) expressly make the claim; and
 (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## EXHIBIT "A"

## INSTRUCTION AND DEFINITIONS

Unless otherwise specified, the following words and terms as used herein shall, when utilized, mean as follows:

## II. INSTRUCTIONS

A.     This document request is continuing in nature.   When new knowledge or information comes to your attention you shall supplement the information supplied in the answers to the document request forthwith.

B.     For each and every Request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.   Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.  All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.  If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C.     If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:

1.     The name(s) of the author(s) of the document;

2.     The name(s) of the person(s) to whom the documents or copies were sent;

3.     The date of the document;

4.     The date on which the document was received by each addressee, copyee, or its recipients;

5.     A complete description of the nature and subject matter of the document;

6.     The date on which the document was lost, discarded, or destroyed; and

7.     The manner in which the document was lost, discarded, or destroyed.

D.    With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.  In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

    1.    The name(s) of the sender(s) of the document;

    2.    The name(s) of the author(s) of the document;

    3.    The name(s) of the person(s) to whom the document or copies were sent;

    4.    The job title of every person named in subparagraphs 1, 2 and 3 above;
    5.    The date of the document;

    6.    The date on which the document was received by each addressee, copyee, or its recipient;

    7.    A brief description of the nature and subject matter of the document; and

    8.    The statute, rule, or decision which is claimed to give rise to the privilege.

E.    If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person who has possession, custody, or control of the requested document(s).

F.    All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

G.    Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.    The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

I.    "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

J.    "Any" and "all" shall be construed to bring within the scope of this request any

information which might be construed to relate to the subject matter of the request.

K.    The use of the singular form of any word includes the plural and vice versa.

L.    All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.    The relevant time period of these requests is October 1, 2008 to the present, unless otherwise stated in a particular request for production, and shall include all documents which relate or refer to this period even though prepared before or subsequent to period.

## II.    **DEFINITIONS**

1.    The words **"and"** and **"or"** shall be construed as both conjunctive and disjunctive, so that a series of persons or things joined by the words "and" and "or" shall refer to any, all, or any combination of them.

2.    **"Business Entities"** shall mean Chalifoux Commercial Park, LLC, Eagle Holdings, LLC, Cypress Park, LLC, Vista Center, LLC, Donegan Corners Investments, LLC, and/or Central Florida Parkway Investments

3.    The terms **"communication"** and **"communications"** shall interchangeably mean any oral or written statement, dialogue, colloquy, discussion or conversation or exchange of information of any type, and any transfer of thoughts or ideas between any two or more persons, including but not limited to documents, telephone or face-to-face conversations, meetings, conferences, or transfer of data from one location to another by electronic or similar means.

4.    The terms **"concerning,"** **"concerns,"** or any other derivative thereof, as used herein  includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on,  regarding, discussing, showing, describing, reflecting,  analyzing and constituting.

5.    The term **"correspondence"** shall mean any and all letters, facsimiles, transmitted memoranda, memorialized oral communications, e-mails, or other communications or documents exchanged or transmitted with another person or entity.

6.    **"Debtor"** shall mean Adrian McCloskey.

7.    The terms **"Document"** or **"documents"** means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to the original and any identical or non-identical copy or draft or revision thereof, regardless of origin or location, of any writing or record of any type or description, including, but not limited to: the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, study, handwritten or

other note, working paper, chart, paper graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of electronic mail or telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, purchase order, bill of lading, bid tabulation, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photograph negative, phone record, tape recording, wire recording, phonorecord, transcript or recordings, drawing, catalog, brochure, or any other data compilations in any format (including computer hard drives, discs, diskettes, compact disk, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages and all other oral communications) and specifically including ESI (as defined herein). All sources are intended to be encompassed, including but not limited to Defendant, other parties to this litigation and any other person, firm or corporation or governmental entity which has communicated with Defendant on the subject matter covered by the lawsuit or the request in questions. **ESI shall be produced in the format described in Part IV.**

8.  **"Deponent", "examinee", "you",** and **"your"** shall mean the party upon whom this subpoena is served and all of his/her authorized employees, agents, or others purporting to act on his/her behalf, including all corporate aliases, affiliates and subsidiaries of deponent.

9.  **"Emerald Investments"** shall mean Emerald Investments, LLC.

10. **"Emerald Properties"** shall mean Emerald Properties, LLC.

11. The term **"ESI"** means any electronically stored information-including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

12. The word **"person"** shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise and includes both the singular and plural.

13. **"Possession, custody, or control"** as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

14.      "**State Court Litigation**" shall mean that certain litigation filed and pending in the Circuit Court for the 9th Judicial Circuit in and for Osceola County, Florida and styled *the Estate of: Trust Agreement Establishing the Commercial Settlement Real Estate Trust*, Case No. 2017-CP-000008.

15.      The terms "**support,**" "**evidence,**" "**relate to,**" "**relating to,**" "**related to,**" "**referred to,**" "**concerning,**" "**pertaining to,**" and "**regarding**" shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

16.      Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any Interrogatory.

17.      Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

## III.   **DOCUMENTS REQUESTED**[6]

## THE DEPONENT SHALL PRODUCE THE FOLLOWING DOCUMENTS:

1.      All documents relating to or referencing Debtor.

2.      All communications with or relating to Debtor.

3.      All documents relating to or referencing Emerald Properties.

4.      All communications with or relating to Emerald Properties.

5.      All documents relating to or referencing the State Court Litigation.

6.      All communications with or relating to the State Court Litigation.

7.      All Financial Records relating to transactions between You and the Debtor.

8.      All Your monthly, quarterly, and annual financial statements, including balance sheets, income statements, or statements of cash flows, and profit and loss statements, whether internal or external, audited or unaudited.

9.      All general ledgers maintained by You.

---

[6] To the extent any or all documents or records responsive to the Requests are in electronic format, please contact the issuing attorney to make arrangements.

10.   All Quickbooks files maintained by You.

11.   Your accounts receivable ledgers or other records which set forth the names, addresses and account number of all personal, business enterprises, or other entities that are/were indebted to You, the amount of such indebtedness, and its basis.

12.   All bank statements or bank ledger sheets, or savings account statements for all bank, savings and loan association, mutual fund, brokerage account, or trust accounts of any nature.

13.   All bank savings or checking account passbooks or checkbooks.

14.   All checks (being either the original checks, front and back, or legible full copies thereof).

15.   All bank statements, brokerage statements and investment account statements, including all cancelled checks (front and back), check registers, deposit slips, wires, withdrawal information, and receipts.

16.   All records pertaining to the transfer of any money, property interest or financial interest, assets, inventory, goods, accounts receivable or any other thing of value whether from one form to another or from one account to another account.

17.   All financial, business and property records and all other papers, passbooks, record books and account books which disclose the amount, account or identification number, nature and extent of all financial interests, property, and property rights owned by You and the location of those rights.

18.   All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all real property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest..

19.   All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all personal property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest.

20.   All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all intangible property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest.

21.   Any inventory ledgers, other written statements or documents possessed by any You itemizing Your personal property including but not limited to office furnishings, business equipment and like property, and any documents which disclose the existence of any security interest in such inventory and other assets, the name and location of the secured party, and the type and duration of

the security interest.

22.  All documents showing the location, amount and/or value of all corporate securities, stocks, bonds, debentures or notes owned by or possessed by You.

23.  Copies of Your Federal and State Income Tax Returns for the last five years (if You filed no tax returns for those years, provide a copy of any written extension granted to You or other documented excuse for failing to file an income tax return) and K1's.

24.  All documents showing the location, account number and type of any trust for which You are the beneficiary, and any documents showing both the settlor and the trustee of the trust.

25.  All documents showing the account number, location, name and amount of any type of security or negotiable instrument, including but not limited to, stocks, bonds, mutual fund accounts, promissory notes and other equity or debt instruments owned by You individually or jointly with another person or business enterprise.

26.  All credit applications.

27.  All credit card statements.

28.  All credit lien agreements; including all statements and documentation regarding the same.

29.  All financing agreements.

30.  All financing statements.

31.  All insurance applications.

32.  All insurance policies.

33.  All property appraisals.

34.  All leases, subleases and sub-subleases.

35.  All agreements to pledge assets as collateral for any loans.

36.  All closing documents regarding the purchase or sale of any assets.

37.  All stipulations, settlement agreements, final orders or final judgments entered against You in any litigation.

38.  Copies of Operating Agreement, any amendments thereto, meeting minutes, membership ledgers, documents showing any transfers in membership interest, any other company records.

39.    Any documents referencing or relating to Chalifoux Commercial Park, LLC, Eagle Holdings, LLC, Cypress Park, LLC, Vista Center, LLC, Donegan Corners Investments, LLC, and/or Central Florida Parkway Investments.

40.    Any documents referencing or relating to any ownership interest held by Emerald Investments in the Business Entities.

41.    Any documents referencing or relating to the transfer of any ownership interest from or to Emerald Investments in the Business Entities.

42.    Any documents referencing or relating to any beneficial interest Emerald Investments may have in any Trust.

43.    Tax returns from 2008 to present.

44.    The title certificates, registration certificates, bills of sale, and other evidence of ownership with respect to any of the following described personal property owned, possessed or leased by You:

  a.    Motor vehicles of any type including ground support equipment;
  b.    Commercial, business or construction equipment of any type;
  c.    Boats, launches, cruisers or other vessels of any type;
  d.    Aircraft or helicopters or corporate aircraft;
  e.    Computers. Data processors and other electronic storage and processing equipment of any type;
  f.    Cameras, video-cameras, televisions and other video equipment; and
  g.    Jewelry, sculpture, paintings and other art of any type.

## IV - Production of Electronically Stored Information (ESI) FORM OF PRODUCTION

Ouachita requests that all ESI (electronically stored information) be produced as follows:

ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with ALL native files provided and word searchable OCR/extracted text (Optical Character Recognized- i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

The files should be delivered with the following folder structure:

**IMAGES-** contains the TIF and JPG files, up to 10,000 items.
**DATA-** contains the OPT and LFP files and the metadata text file (DAT)
**NATIVES -** contains all the original native files named as the BEGDOC

**TEXT** - contains the document-level OCR/Extracted text files named as the BEGDOC

| Eclipse Metadata Field | Field Description |
|---|---|
| BegDoc | BegDoc |
| EndDoc | EndDoc |
| BegA.ttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |
| cc | CC (Name + email) |
| Companies | Company name |
| Custodian | Custodian (Last, First) |
| DateCreated | Date created (MM/DDNYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent (MMIDD/YYYY) |
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name+ email) |
| Hash Code | MD5hash |
| Header | Email header |
| IntemetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password Protect | Y/N field |
| Read | Y/N |
| SHAl | SHAl hash |
| Sources | CD, DVD hard drive: brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |

| To | To (Name + email) |
|---|---|

**For .xis (Excel), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| Excel Comments | Comments |
|---|---|
| Excel HiddenColumns | Hidden Columns |
| Excel HiddenRows | Hidden Rows |
| Excel HiddenWorksheets | Hidden Worksheets |
| Num Lines | Number of lines |
| Num Paragraphs | Number of paragraphs |
| Num slides | Number of slides |
| Num Notes | Number of notes |
| Num HiddenSlides | Number of hidden slides |
| Num Multimedia | Number of multimedia clips |
| Security | Security |

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
### www.flmb.uscourts.gov

IN RE:

**ADRIAN MCCLOSKEY**

          Debtor.

_____/

**Case No.: 6:15-bk-02095-CCJ**

**Chapter 7**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE

TO:      **Anna McCloskey**
             8660 Crestgate Circle
             Orlando, Florida 32819

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the materials:

***The items specified in Schedule "A" attached hereto.***

| PLACE: **BransonLaw, PLLC** **1501 E. Concord Street** **Orlando, Florida 32832** | DATE AND TIME **April 26, 2018 by 12:00 p.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land or other property possessed or controlled by you at the time, date and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed.R.Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/30/18

                     CLERK OF COURT

                          OR

_____          _____

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing ***Ouachita Financial Services, LLC*** who issues or requests this subpoena, are:

Jeffrey S. Ainsworth, Esquire
Florida Bar. No. 60769
**BransonLaw, PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone:     (407) 894-6834
Facsimile:      (407) 894-8559
E-mail:          jeff@bransonlaw.com

---

**Notice to the Person who Issues or Requests this Subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

## PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45)

I received this subpoena for (name of individual and title, if any):**Anna McCloskey** on **March 30, 2018**.

☒I served the subpoena by delivering a copy to the named person as follows:

> **Anna McCloskey**
> 8660 Crestgate Circle
> Orlando, Florida 32819

Via U.S. Mail on (date) **March 30, 2018**; or

☐ I returned the subpoena unexecuted because: _____

---

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Date: March 30, 2018

_____

Server's Signature
Jeffrey S. Ainsworth
Printed Name
1501 E. Concord Street, Orlando, FL 32803
Servers Address

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(i) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(xiii)     is a party or a party's officer; or

(xiv)     is commanded to attend a trial and would not incur substantial expense.

*(B) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(j) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made,

the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(9) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(xv) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(xvi)     subjects a person to undue burden.

(H) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(I) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(7) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in

the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(8) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**

Fed. R. Civ. P. 45(a) Committee Note (2013)

• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.

• The party serving the subpoena should make reasonable provisions for prompt access.

• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

**EXHIBIT "A"**

**INSTRUCTION AND DEFINITIONS**

Unless otherwise specified, the following words and terms as used herein shall, when utilized, mean as follows:

### III. INSTRUCTIONS

A.      This document request is continuing in nature.   When new knowledge or information comes to your attention you shall supplement the information supplied in the answers to the document request forthwith.

B.      For each and every Request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.   Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.   All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.  If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C.      If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:

1.      The name(s) of the author(s) of the document;

2.      The name(s) of the person(s) to whom the documents or copies were sent;

3.      The date of the document;

4.      The date on which the document was received by each addressee, copyee, or its recipients;

5.      A complete description of the nature and subject matter of the document;

6.      The date on which the document was lost, discarded, or destroyed; and

7.      The manner in which the document was lost, discarded, or destroyed.

D.    With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

      1.    The name(s) of the sender(s) of the document;

      2.    The name(s) of the author(s) of the document;

      3.    The name(s) of the person(s) to whom the document or copies were sent;

      4.    The job title of every person named in subparagraphs 1, 2 and 3 above;
      5.    The date of the document;

      6.    The date on which the document was received by each addressee, copyee, or its recipient;

      7.    A brief description of the nature and subject matter of the document; and

      8.    The statute, rule, or decision which is claimed to give rise to the privilege.

E.    If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person who has possession, custody, or control of the requested document(s).

F.    All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

G.    Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.    The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

I.    "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

J.    "Any" and "all" shall be construed to bring within the scope of this request any

information which might be construed to relate to the subject matter of the request.

K.    The use of the singular form of any word includes the plural and vice versa.

L.    All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.    The relevant time period of these requests is October 1, 2008 to the present, unless otherwise stated in a particular request for production, and shall include all documents which relate or refer to this period even though prepared before or subsequent to period.

## II.    DEFINITIONS

1.    The words **"and"** and **"or"** shall be construed as both conjunctive and disjunctive, so that a series of persons or things joined by the words "and" and "or" shall refer to any, all, or any combination of them.

2.    The terms **"communication"** and **"communications"** shall interchangeably mean any oral or written statement, dialogue, colloquy, discussion or conversation or exchange of information of any type, and any transfer of thoughts or ideas between any two or more persons, including but not limited to documents, telephone or face-to-face conversations, meetings, conferences, or transfer of data from one location to another by electronic or similar means.

3.    The terms **"concerning,"** **"concerns,"** or any other derivative thereof, as used herein  includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on,  regarding, discussing, showing, describing, reflecting,  analyzing and constituting.

4.    The term **"correspondence"** shall mean any and all letters, facsimiles, transmitted memoranda, memorialized oral communications, e-mails, or other communications or documents exchanged or transmitted with another person or entity.

5.    **"Debtor"** shall mean Adrian McCloskey.

6.    The terms **"Document"** or **"documents"** means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to the original and any identical or non-identical copy or draft or revision thereof, regardless of origin or location, of any writing or record of any type or description, including, but not limited to: the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, study, handwritten or other note, working paper, chart, paper graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not  limited  to,  reports  of  electronic  mail  or  telephone

conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, purchase order, bill of lading, bid tabulation, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photograph negative, phone record, tape recording, wire recording, phonorecord, transcript or recordings, drawing, catalog, brochure, or any other data compilations in any format (including computer hard drives, discs, diskettes, compact disk, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages and all other oral communications) and specifically including ESI (as defined herein). All sources are intended to be encompassed, including but not limited to Defendant, other parties to this litigation and any other person, firm or corporation or governmental entity which has communicated with Defendant on the subject matter covered by the lawsuit or the request in questions. **ESI shall be produced in the format described in Part IV**.

7.    **"Deponent"**, **"examinee"**, **"you"**, and **"your"** shall mean the party upon whom this subpoena is served and all of his/her authorized employees, agents, or others purporting to act on his/her behalf, including all corporate aliases, affiliates and subsidiaries of deponent.

8.    **"Emerald Investments"** shall mean Emerald Investments, LLC.

9.    **"Emerald Properties"** shall mean Emerald Properties, LLC.

10.    The term **"ESI"** means any electronically stored information-including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

11.    The word **"person"** shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise and includes both the singular and plural.

12.    **"Possession, custody, or control"** as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

13.    **"State Court Litigation"** shall mean that certain litigation filed and pending in the Circuit Court for the 9th Judicial Circuit in and for Osceola County, Florida and styled *the Estate of: Trust Agreement Establishing the Commercial Settlement*

*Real Estate Trust*, Case No. 2017-CP-000008.

14.     The terms **"support," "evidence," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to,"** and **"regarding"** shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

15.     Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any Interrogatory.

16.     Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

## III.    DOCUMENTS REQUESTED[7]

## THE DEPONENT SHALL PRODUCE THE FOLLOWING DOCUMENTS:

1.      All documents relating to or referencing Debtor.

2.      All communications with or relating to Debtor.

3.      All documents relating to or referencing Emerald Properties.

4.      All communications with or relating to Emerald Properties.

5.      All communications with or relating to Emerald Investments.

6.      All documents relating to or referencing Emerald Investments.

7.      All documents relating to or referencing the State Court Litigation.

8.      All communications with or relating to the State Court Litigation.

9.      All Financial Records relating to transactions between You and the Debtor.

10.     All Your monthly, quarterly, and annual financial statements, including balance sheets, income statements, or statements of cash flows, and profit and loss statements, whether internal or external, audited or unaudited.

---

[7] To the extent any or all documents or records responsive to the Requests are in electronic format, please contact the issuing attorney to make arrangements.

11. All general ledgers maintained by You.

12. All Quickbooks files maintained by You.

13. Your accounts receivable ledgers or other records which set forth the names, addresses and account number of all personal, business enterprises, or other entities that are/were indebted to You, the amount of such indebtedness, and its basis.

14. All bank statements or bank ledger sheets, or savings account statements for all bank, savings and loan association, mutual fund, brokerage account, or trust accounts of any nature.

15. All bank savings or checking account passbooks or checkbooks.

16. All checks (being either the original checks, front and back, or legible full copies thereof).

17. All bank statements, brokerage statements and investment account statements, including all cancelled checks (front and back), check registers, deposit slips, wires, withdrawal information, and receipts.

18. All records pertaining to the transfer of any money, property interest or financial interest, assets, inventory, goods, accounts receivable or any other thing of value whether from one form to another or from one account to another account.

19. All financial, business and property records and all other papers, passbooks, record books and account books which disclose the amount, account or identification number, nature and extent of all financial interests, property, and property rights owned by You and the location of those rights.

20. All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all real property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest..

21. All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all personal property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest.

22. All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all intangible property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest.

23. Any inventory ledgers, other written statements or documents possessed by any You itemizing Your personal property including but not limited to office furnishings, business equipment and like property, and any documents which

disclose the existence of any security interest in such inventory and other assets, the name and location of the secured party, and the type and duration of the security interest.

24. All documents showing the location, amount and/or value of all corporate securities, stocks, bonds, debentures or notes owned by or possessed by You.

25. Copies of Your Federal and State Income Tax Returns for the last five years (if You filed no tax returns for those years, provide a copy of any written extension granted to You or other documented excuse for failing to file an income tax return) and KI's.

26. All documents showing the location, account number and type of any trust for which You are the beneficiary, and any documents showing both the settlor and the trustee of the trust.

27. All documents showing the account number, location, name and amount of any type of security or negotiable instrument, including but not limited to, stocks, bonds, mutual fund accounts, promissory notes and other equity or debt instruments owned by You individually or jointly with another person or business enterprise.

28. All credit applications.

29. All credit card statements.

30. All credit lien agreements; including all statements and documentation regarding the same.

31. All financing agreements.

32. All financing statements.

33. All insurance applications.

34. All insurance policies.

35. All property appraisals.

36. All leases, subleases and sub-subleases.

37. All agreements to pledge assets as collateral for any loans.

38. All closing documents regarding the purchase or sale of any assets.

39. All stipulations, settlement agreements, final orders or final judgments entered against You in any litigation.

40. The title certificates, registration certificates, bills of sale, and other

evidence of ownership with respect to any of the following described personal property owned, possessed or leased by You:

    a.    Motor vehicles of any type including ground support equipment;
    b.    Commercial, business or construction equipment of any type;
    c.    Boats, launches, cruisers or other vessels of any type;
Aircraft or helicopters or corporate aircraft;
    d.    Aircraft or helicopters or corporate aircraft;
    e.    Computers. Data processors and other electronic storage and processing equipment of any type;
    f.    Cameras, video-cameras, televisions and other video equipment; and
    g.    Jewelry, sculpture, paintings and other art of any type.

## IV - Production of Electronically Stored Information (ESI) FORM OF PRODUCTION

Ouachita requests that all ESI (electronically stored information) be produced as follows:

ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with ALL native files provided and word searchable OCR/extracted text (Optical Character Recognized- i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

The files should be delivered with the following folder structure:

**IMAGES-** contains the TIF and JPG files, up to 10,000 items.
**DATA-** contains the OPT and LFP files and the metadata text file (DAT)
**NATIVES** - contains all the original native files named as the BEGDOC
**TEXT** - contains the document-level OCR/Extracted text files named as the BEGDOC

| Eclipse Metadata Field | Field Description |
|---|---|
| BegDoc | BegDoc |
| EndDoc | EndDoc |
| BegA.ttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |
| cc | CC (Name + email) |

| Companies | Company name |
|---|---|
| Custodian | Custodian (Last, First) |
| DateCreated | Date created (MM/DDNYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent (MMIDD/YYYY) |
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name+ email) |
| Hash Code | MD5hash |
| Header | Email header |
| IntemetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password Protect | Y/N field |
| Read | Y/N |
| SHA1 | SHA1 hash |
| Sources | CD, DVD hard drive: brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

**For .xis (Excel), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| Excel Comments | Comments |
|---|---|
| Excel HiddenColumns | Hidden Columns |
| Excel HiddenRows | Hidden Rows |
| Excel HiddenWorksheets | Hidden Worksheets |
| Num Lines | Number of lines |
| Num Paragraphs | Number of paragraphs |
| Num slides | Number of slides |
| Num Notes | Number of notes |
| Num HiddenSlides | Number of hidden slides |

| Num Multimedia | Number of multimedia clips |
|---|---|
| Security | Security |

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION
#### www.flmb.uscourts.gov

IN RE:

**ADRIAN MCCLOSKEY**

Case No.: 6:15-bk-02095-CCJ

**Chapter 7**

Debtor.

_____/

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE

TO:       **Kevin Mcgowan**
          15055 Spinnaker Cove Lane
          Winter Garden, Florida 34787

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the materials:

*The items specified in Schedule "A" attached hereto.*

| PLACE:  **BransonLaw, PLLC** **1501 E. Concord Street** **Orlando, Florida 32832** | DATE AND TIME **April 26, 2018 by 12:00 p.m.** |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land or other property possessed or controlled by you at the time, date and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed.R.Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/30/18

CLERK OF COURT

OR

_____                    *[signature]*

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *Ouachita Financial Services, LLC* who issues or requests this subpoena, are:

Jeffrey S. Ainsworth, Esquire
Florida Bar. No. 60769
**BransonLaw, PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone:     (407) 894-6834
Facsimile:     (407) 894-8559
E-mail:        jeff@bransonlaw.com

**Notice to the Person who Issues or Requests this Subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)**

I received this subpoena for (name of individual and title, if any): **Kevin Mcgowan** on **March 30, 2018**.

☒I served the subpoena by delivering a copy to the named person as follows:

        **Kevin Mcgowan**
        15055 Spinnaker Cove Lane
        Winter Garden, Florida 34787

Via U.S. Mail on (date) **March 30, 2018**; or

☐ I returned the subpoena unexecuted because: _____

_____

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Date: March 30, 2018

Server's Signature

Jeffrey S. Ainsworth

Printed Name

1501 E. Concord Street, Orlando, FL 32803

Servers Address

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(j) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(xv)    is a party or a party's officer; or

(xvi)    is commanded to attend a trial and would not incur substantial expense.

*(9) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(k) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made,

the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(10)    Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(xvii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(xviii)    subjects a person to undue burden.

(I) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(J) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(8) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(9) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)

• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

**EXHIBIT "A"**

**INSTRUCTION AND DEFINITIONS**

Unless otherwise specified, the following words and terms as used herein shall, when utilized, mean as follows:

## IV. **INSTRUCTIONS**

A.    This document request is continuing in nature.  When new knowledge or information comes to your attention you shall supplement the information supplied in the answers to the document request forthwith.

B.    For each and every Request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.  Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.  All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.  If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C.    If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:

1.    The name(s) of the author(s) of the document;

2.    The name(s) of the person(s) to whom the documents or copies were sent;

3.    The date of the document;

4.    The date on which the document was received by each addressee, copyee, or its recipients;

5.    A complete description of the nature and subject matter of the document;

6.    The date on which the document was lost, discarded, or destroyed; and

7.    The manner in which the document was lost, discarded, or destroyed.

D.      With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.  In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

1.      The name(s) of the sender(s) of the document;

2.      The name(s) of the author(s) of the document;

3.      The name(s) of the person(s) to whom the document or copies were sent;

4.      The job title of every person named in subparagraphs 1, 2 and 3 above;
5.      The date of the document;

6.      The date on which the document was received by each addressee, copyee, or its recipient;

7.      A brief description of the nature and subject matter of the document; and

8.      The statute, rule, or decision which is claimed to give rise to the privilege.

E.      If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person who has possession, custody, or control of the requested document(s).

F.      All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

G.      Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.      The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

I.      "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

J.      "Any" and "all" shall be construed to bring within the scope of this request any

information which might be construed to relate to the subject matter of the request.

  K.  The use of the singular form of any word includes the plural and vice versa.

  L.  All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

  M.  The relevant time period of these requests is October 1, 2008 to the present, unless otherwise stated in a particular request for production, and shall include all documents which relate or refer to this period even though prepared before or subsequent to period.

## II. **DEFINITIONS**

1.  The words **"and"** and **"or"** shall be construed as both conjunctive and disjunctive, so that a series of persons or things joined by the words "and" and "or" shall refer to any, all, or any combination of them.

2.  The terms **"communication"** and **"communications"** shall interchangeably mean any oral or written statement, dialogue, colloquy, discussion or conversation or exchange of information of any type, and any transfer of thoughts or ideas between any two or more persons, including but not limited to documents, telephone or face-to-face conversations, meetings, conferences, or transfer of data from one location to another by electronic or similar means.

3.  The terms **"concerning,"** **"concerns,"** or any other derivative thereof, as used herein includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing and constituting.

4.  The term **"correspondence"** shall mean any and all letters, facsimiles, transmitted memoranda, memorialized oral communications, e-mails, or other communications or documents exchanged or transmitted with another person or entity.

5.  **"Debtor"** shall mean Adrian McCloskey.

6.  The terms **"Document"** or **"documents"** means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to the original and any identical or non-identical copy or draft or revision thereof, regardless of origin or location, of any writing or record of any type or description, including, but not limited to: the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, study, handwritten or other note, working paper, chart, paper graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of electronic mail or telephone

conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, purchase order, bill of lading, bid tabulation, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photograph negative, phone record, tape recording, wire recording, phonorecord, transcript or recordings, drawing, catalog, brochure, or any other data compilations in any format (including computer hard drives, discs, diskettes, compact disk, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages and all other oral communications) and specifically including ESI (as defined herein). All sources are intended to be encompassed, including but not limited to Defendant, other parties to this litigation and any other person, firm or corporation or governmental entity which has communicated with Defendant on the subject matter covered by the lawsuit or the request in questions. **ESI shall be produced in the format described in Part IV.**

7.  **"Deponent"**, **"examinee"**, **"you"**, and **"your"** shall mean the party upon whom this subpoena is served and all of his/her authorized employees, agents, or others purporting to act on his/her behalf, including all corporate aliases, affiliates and subsidiaries of deponent.

8.  **"Emerald Investments"** shall mean Emerald Investments, LLC.

9.  **"Emerald Properties"** shall mean Emerald Properties, LLC.

10. The term **"ESI"** means any electronically stored information-including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

11. The word **"person"** shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise and includes both the singular and plural.

12. **"Possession, custody, or control"** as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

13. **"State Court Litigation"** shall mean that certain litigation filed and pending in the Circuit Court for the 9th Judicial Circuit in and for Osceola County, Florida and styled *the Estate of: Trust Agreement Establishing the Commercial Settlement*

*Real Estate Trust*, Case No. 2017-CP-000008.

14. The terms **"support," "evidence," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to,"** and **"regarding"** shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

15. Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any Interrogatory.

16. Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

## III.   <u>DOCUMENTS REQUESTED</u>[8]

## THE DEPONENT SHALL PRODUCE THE FOLLOWING DOCUMENTS:

1. All documents relating to or referencing Debtor.

2. All communications with or relating to Debtor.

3. All documents relating to or referencing Emerald Properties.

4. All communications with or relating to Emerald Properties.

5. All communications with or relating to Emerald Investments.

6. All documents relating to or referencing Emerald Investments.

7. All documents relating to or referencing the State Court Litigation.

8. All communications with or relating to the State Court Litigation.

9. All Financial Records relating to transactions between You and the Debtor.

10. All Your monthly, quarterly, and annual financial statements, including balance sheets, income statements, or statements of cash flows, and profit and loss statements, whether internal or external, audited or unaudited.

---

[8] To the extent any or all documents or records responsive to the Requests are in electronic format, please contact the issuing attorney to make arrangements.

11.     All general ledgers maintained by You.

12.     All Quickbooks files maintained by You.

13.     Your accounts receivable ledgers or other records which set forth the names, addresses and account number of all personal, business enterprises, or other entities that are/were indebted to You, the amount of such indebtedness, and its basis.

14.     All bank statements or bank ledger sheets, or savings account statements for all bank, savings and loan association, mutual fund, brokerage account, or trust accounts of any nature.

15.     All bank savings or checking account passbooks or checkbooks.

16.     All checks (being either the original checks, front and back, or legible full copies thereof).

17.     All bank statements, brokerage statements and investment account statements, including all cancelled checks (front and back), check registers, deposit slips, wires, withdrawal information, and receipts.

18.     All records pertaining to the transfer of any money, property interest or financial interest, assets, inventory, goods, accounts receivable or any other thing of value whether from one form to another or from one account to another account.

19.     All financial, business and property records and all other papers, passbooks, record books and account books which disclose the amount, account or identification number, nature and extent of all financial interests, property, and property rights owned by You and the location of those rights.

20.     All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all real property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest..

21.     All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all personal property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest.

22.     All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all intangible property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest.

23.     Any inventory ledgers, other written statements or documents possessed by any You itemizing Your personal property including but not limited to office furnishings, business equipment and like property, and any documents which

disclose the existence of any security interest in such inventory and other assets, the name and location of the secured party, and the type and duration of the security interest.

24.  All documents showing the location, amount and/or value of all corporate securities, stocks, bonds, debentures or notes owned by or possessed by You.

25.  Copies of Your Federal and State Income Tax Returns for the last five years (if You filed no tax returns for those years, provide a copy of any written extension granted to You or other documented excuse for failing to file an income tax return) and KI's.

26.  All documents showing the location, account number and type of any trust for which You are the beneficiary, and any documents showing both the settlor and the trustee of the trust.

27.  All documents showing the account number, location, name and amount of any type of security or negotiable instrument, including but not limited to, stocks, bonds, mutual fund accounts, promissory notes and other equity or debt instruments owned by You individually or jointly with another person or business enterprise.

28.  All credit applications.

29.  All credit card statements.

30.  All credit lien agreements; including all statements and documentation regarding the same.

31.  All financing agreements.

32.  All financing statements.

33.  All insurance applications.

34.  All insurance policies.

35.  All property appraisals.

36.  All leases, subleases and sub-subleases.

37.  All agreements to pledge assets as collateral for any loans.

38.  All closing documents regarding the purchase or sale of any assets.

39.  All stipulations, settlement agreements, final orders or final judgments entered against You in any litigation.

40.  The title certificates, registration certificates, bills of sale, and other

evidence of ownership with respect to any of the following described personal property owned, possessed or leased by You:

a.   Motor vehicles of any type including ground support equipment;
b.   Commercial, business or construction equipment of any type;
c.   Boats, launches, cruisers or other vessels of any type;
Aircraft or helicopters or corporate aircraft;
d.   Aircraft or helicopters or corporate aircraft;
e.   Computers. Data processors and other electronic storage and processing equipment of any type;
f.   Cameras, video-cameras, televisions and other video equipment; and
g.   Jewelry, sculpture, paintings and other art of any type.

## IV - Production of Electronically Stored Information (ESI) FORM OF PRODUCTION

Ouachita requests that all ESI (electronically stored information) be produced as follows:

ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with ALL native files provided and word searchable OCR/extracted text (Optical Character Recognized- i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

The files should be delivered with the following folder structure:

**IMAGES**- contains the TIF and JPG files, up to 10,000 items.
**DATA**- contains the OPT and LFP files and the metadata text file (DAT)
**NATIVES** - contains all the original native files named as the BEGDOC
**TEXT** - contains the document-level OCR/Extracted text files named as the BEGDOC

| Eclipse Metadata Field | Field Description |
|---|---|
| BegDoc | BegDoc |
| EndDoc | EndDoc |
| BegA.ttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |
| cc | CC (Name + email) |

| | |
|---|---|
| Companies | Company name |
| Custodian | Custodian (Last, First) |
| DateCreated | Date created (MM/DDNYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent (MMIDD/YYYY) |
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name+ email) |
| Hash Code | MD5hash |
| Header | Email header |
| IntemetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password Protect | Y/N field |
| Read | Y/N |
| SHAl | SHAl hash |
| Sources | CD, DVD hard drive: brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

**For .xis (Excel), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| | |
|---|---|
| Excel Comments | Comments |
| Excel HiddenColumns | Hidden Columns |
| Excel HiddenRows | Hidden Rows |
| Excel HiddenWorksheets | Hidden Worksheets |
| Num Lines | Number of lines |
| Num Paragraphs | Number of paragraphs |
| Num slides | Number of slides |
| Num Notes | Number of notes |
| Num HiddenSlides | Number of hidden slides |

| Num Multimedia | Number of multimedia clips |
|---|---|
| Security | Security |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

IN RE:

ADRIAN MCCLOSKEY                                    Case No.: 6:15-bk-02095-CCJ

                                                   Chapter 7

          Debtor.
_____/

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO
PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE

TO:        Edwina Mcgowan
           15055 Spinnaker Cove Lane
           Winter Garden, Florida 34787

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth
below the following documents, electronically stored information, or objects, and must permit
inspection, copying, testing, or sampling of the materials:

*The items specified in Schedule "A" attached hereto.*

| PLACE:  **BransonLaw, PLLC**<br>**1501 E. Concord Street**<br>**Orlando, Florida 32832** | DATE AND TIME<br><br>**April 26, 2018 by 12:00 p.m.** |
|---|---|

❏ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated
premises, land or other property possessed or controlled by you at the time, date and location
set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or
sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by
Fed.R.Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d),
relating to your protection as a person subject to a subpoena; Rule 45(e) and 45(g), relating to
your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/30/18

                    CLERK OF COURT

                           OR

_____              *Jeffry S Ansunl*

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing ***Ouachita Financial Services, LLC*** who issues or requests this subpoena, are:

Jeffrey S. Ainsworth, Esquire
Florida Bar. No. 60769
**BransonLaw, PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone:    (407) 894-6834
Facsimile:    (407) 894-8559
E-mail:       jeff@bransonlaw.com

### Notice to the Person who Issues or Requests this Subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)**

I received this subpoena for (name of individual and title, if any): **Edwina Mcgowan** on **March 30, 2018**.

☒I served the subpoena by delivering a copy to the named person as follows:

> **Edwina Mcgowan**
> 15055 Spinnaker Cove Lane
> Winter Garden, Florida 34787

Via U.S. Mail on (date) **March 30, 2018**; or

☐ I returned the subpoena unexecuted because: _____

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Date: March 30, 2018

Server's Signature

Jeffrey S. Ainsworth

Printed Name

1501 E. Concord Street, Orlando, FL 32803

Servers Address

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(k) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(xvii)    is a party or a party's officer; or

(xviii)    is commanded to attend a trial and would not incur substantial expense.

*(10)    For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(l)   Protecting a Person Subject to a Subpoena; Enforcement.**

*(1)  Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made,

the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(11)    Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(xix)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(xx) subjects a person to undue burden.

*(J) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(K) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(9)  Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in

the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(10)  Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)

• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.

• The party serving the subpoena should make reasonable provisions for prompt access.

• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

**EXHIBIT "A"**

**INSTRUCTION AND DEFINITIONS**

Unless otherwise specified, the following words and terms as used herein shall, when utilized, mean as follows:

## V. **INSTRUCTIONS**

A.    This document request is continuing in nature.    When new knowledge or information comes to your attention you shall supplement the information supplied in the answers to the document request forthwith.

B.    For each and every Request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.    Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.    All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C.    If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:

1.    The name(s) of the author(s) of the document;

2.    The name(s) of the person(s) to whom the documents or copies were sent;

3.    The date of the document;

4.    The date on which the document was received by each addressee, copyee, or its recipients;

5.    A complete description of the nature and subject matter of the document;

6.    The date on which the document was lost, discarded, or destroyed; and

7.    The manner in which the document was lost, discarded, or destroyed.

D.    With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.  In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

    1.    The name(s) of the sender(s) of the document;

    2.    The name(s) of the author(s) of the document;

    3.    The name(s) of the person(s) to whom the document or copies were sent;

    4.    The job title of every person named in subparagraphs 1, 2 and 3 above;
    5.    The date of the document;

    6.    The date on which the document was received by each addressee, copyee, or its recipient;

    7.    A brief description of the nature and subject matter of the document; and

    8.    The statute, rule, or decision which is claimed to give rise to the privilege.

E.    If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person who has possession, custody, or control of the requested document(s).

F.    All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

G.    Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.    The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

I.    "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

J.    "Any" and "all" shall be construed to bring within the scope of this request any

information which might be construed to relate to the subject matter of the request.

K.    The use of the singular form of any word includes the plural and vice versa.

L.    All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.    The relevant time period of these requests is October 1, 2008 to the present, unless otherwise stated in a particular request for production, and shall include all documents which relate or refer to this period even though prepared before or subsequent to period.

## II.    **DEFINITIONS**

1.    The words **"and"** and **"or"** shall be construed as both conjunctive and disjunctive, so that a series of persons or things joined by the words "and" and "or" shall refer to any, all, or any combination of them.

2.    The terms **"communication"** and **"communications"** shall interchangeably mean any oral or written statement, dialogue, colloquy, discussion or conversation or exchange of information of any type, and any transfer of thoughts or ideas between any two or more persons, including but not limited to documents, telephone or face-to-face conversations, meetings, conferences, or transfer of data from one location to another by electronic or similar means.

3.    The terms **"concerning,"** **"concerns,"** or any other derivative thereof, as used herein includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on,    regarding, discussing, showing, describing, reflecting,  analyzing and constituting.

4.    The term **"correspondence"** shall mean any and all letters, facsimiles, transmitted memoranda, memorialized oral communications, e-mails, or other communications or documents exchanged or transmitted with another person or entity.

5.    **"Debtor"** shall mean Adrian McCloskey.

6.    The terms **"Document"** or **"documents"** means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to the original and any identical or non-identical copy or draft or revision thereof, regardless of origin or location, of any writing or record of any type or description, including, but not limited to: the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, study, handwritten or other note, working paper, chart, paper graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of electronic mail or telephone

conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, purchase order, bill of lading, bid tabulation, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photograph negative, phone record, tape recording, wire recording, phonorecord, transcript or recordings, drawing, catalog, brochure, or any other data compilations in any format (including computer hard drives, discs, diskettes, compact disk, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages and all other oral communications) and specifically including ESI (as defined herein). All sources are intended to be encompassed, including but not limited to Defendant, other parties to this litigation and any other person, firm or corporation or governmental entity which has communicated with Defendant on the subject matter covered by the lawsuit or the request in questions. **ESI shall be produced in the format described in Part IV**.

7.     **"Deponent"**, **"examinee"**, **"you"**, and **"your"** shall mean the party upon whom this subpoena is served and all of his/her authorized employees, agents, or others purporting to act on his/her behalf, including all corporate aliases, affiliates and subsidiaries of deponent.

8.     **"Emerald Investments"** shall mean Emerald Investments, LLC.

9.     **"Emerald Properties"** shall mean Emerald Properties, LLC.

10.    The term **"ESI"** means any electronically stored information-including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

11.    The word **"person"** shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise and includes both the singular and plural.

12.    **"Possession, custody, or control"** as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

13.    **"State Court Litigation"** shall mean that certain litigation filed and pending in the Circuit Court for the 9th Judicial Circuit in and for Osceola County, Florida and styled *the Estate of: Trust Agreement Establishing the Commercial Settlement*

*Real Estate Trust*, Case No. 2017-CP-000008.

14.    The terms **"support," "evidence," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to,"** and **"regarding"** shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

15.    Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any Interrogatory.

16.    Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

## III.    <u>DOCUMENTS REQUESTED</u>[9]

## THE DEPONENT SHALL PRODUCE THE FOLLOWING DOCUMENTS:

1.    All documents relating to or referencing Debtor.

2.    All communications with or relating to Debtor.

3.    All documents relating to or referencing Emerald Properties.

4.    All communications with or relating to Emerald Properties.

5.    All communications with or relating to Emerald Investments.

6.    All documents relating to or referencing Emerald Investments.

7.    All documents relating to or referencing the State Court Litigation.

8.    All communications with or relating to the State Court Litigation.

9.    All Financial Records relating to transactions between You and the Debtor.

10.    All Your monthly, quarterly, and annual financial statements, including balance sheets, income statements, or statements of cash flows, and profit and loss statements, whether internal or external, audited or unaudited.

---

[9] To the extent any or all documents or records responsive to the Requests are in electronic format, please contact the issuing attorney to make arrangements.

11.    All general ledgers maintained by You.

12.    All Quickbooks files maintained by You.

13.    Your accounts receivable ledgers or other records which set forth the names, addresses and account number of all personal, business enterprises, or other entities that are/were indebted to You, the amount of such indebtedness, and its basis.

14.    All bank statements or bank ledger sheets, or savings account statements for all bank, savings and loan association, mutual fund, brokerage account, or trust accounts of any nature.

15.    All bank savings or checking account passbooks or checkbooks.

16.    All checks (being either the original checks, front and back, or legible full copies thereof).

17.    All bank statements, brokerage statements and investment account statements, including all cancelled checks (front and back), check registers, deposit slips, wires, withdrawal information, and receipts.

18.    All records pertaining to the transfer of any money, property interest or financial interest, assets, inventory, goods, accounts receivable or any other thing of value whether from one form to another or from one account to another account.

19.    All financial, business and property records and all other papers, passbooks, record books and account books which disclose the amount, account or identification number, nature and extent of all financial interests, property, and property rights owned by You and the location of those rights.

20.    All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all real property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest..

21.    All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all personal property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest.

22.    All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all intangible property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest.

23.    Any inventory ledgers, other written statements or documents possessed by any You itemizing Your personal property including but not limited to office furnishings, business equipment and like property, and any documents which

disclose the existence of any security interest in such inventory and other assets, the name and location of the secured party, and the type and duration of the security interest.

24. All documents showing the location, amount and/or value of all corporate securities, stocks, bonds, debentures or notes owned by or possessed by You.

25. Copies of Your Federal and State Income Tax Returns for the last five years (if You filed no tax returns for those years, provide a copy of any written extension granted to You or other documented excuse for failing to file an income tax return) and KI's.

26. All documents showing the location, account number and type of any trust for which You are the beneficiary, and any documents showing both the settlor and the trustee of the trust.

27. All documents showing the account number, location, name and amount of any type of security or negotiable instrument, including but not limited to, stocks, bonds, mutual fund accounts, promissory notes and other equity or debt instruments owned by You individually or jointly with another person or business enterprise.

28. All credit applications.

29. All credit card statements.

30. All credit lien agreements; including all statements and documentation regarding the same.

31. All financing agreements.

32. All financing statements.

33. All insurance applications.

34. All insurance policies.

35. All property appraisals.

36. All leases, subleases and sub-subleases.

37. All agreements to pledge assets as collateral for any loans.

38. All closing documents regarding the purchase or sale of any assets.

39. All stipulations, settlement agreements, final orders or final judgments entered against You in any litigation.

40. The title certificates, registration certificates, bills of sale, and other

evidence of ownership with respect to any of the following described personal property owned, possessed or leased by You:

    a.    Motor vehicles of any type including ground support equipment;
    b.    Commercial, business or construction equipment of any type;
    c.    Boats, launches, cruisers or other vessels of any type;

Aircraft or helicopters or corporate aircraft;

    d.    Aircraft or helicopters or corporate aircraft;
    e.    Computers. Data processors and other electronic storage and processing equipment of any type;
    f.    Cameras, video-cameras, televisions and other video equipment; and
    g.    Jewelry, sculpture, paintings and other art of any type.

## IV - Production of Electronically Stored Information (ESI) FORM OF PRODUCTION

Ouachita requests that all ESI (electronically stored information) be produced as follows:

ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with ALL native files provided and word searchable OCR/extracted text (Optical Character Recognized- i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

The files should be delivered with the following folder structure:

**IMAGES-** contains the TIF and JPG files, up to 10,000 items.
**DATA-** contains the OPT and LFP files and the metadata text file (DAT)
**NATIVES** - contains all the original native files named as the BEGDOC
**TEXT** - contains the document-level OCR/Extracted text files named as the BEGDOC

| Eclipse Metadata Field | Field Description |
| --- | --- |
| BegDoc | BegDoc |
| EndDoc | EndDoc |
| BegA.ttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |
| cc | CC (Name + email) |

| Companies | Company name |
|---|---|
| Custodian | Custodian (Last, First) |
| DateCreated | Date created (MM/DDNYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent (MMIDD/YYYY) |
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name+ email) |
| Hash Code | MD5hash |
| Header | Email header |
| InternetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password Protect | Y/N field |
| Read | Y/N |
| SHA1 | SHA1 hash |
| Sources | CD, DVD hard drive: brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

**For .xis (Excel), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| Excel Comments | Comments |
|---|---|
| Excel HiddenColumns | Hidden Columns |
| Excel HiddenRows | Hidden Rows |
| Excel HiddenWorksheets | Hidden Worksheets |
| Num Lines | Number of lines |
| Num Paragraphs | Number of paragraphs |
| Num slides | Number of slides |
| Num Notes | Number of notes |
| Num HiddenSlides | Number of hidden slides |

| Num Multimedia | Number of multimedia clips |
|----------------|----------------------------|
| Security | Security |

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
### www.flmb.uscourts.gov

IN RE:

                                            **Case No.: 6:15-bk-02095-CCJ**

**ADRIAN MCCLOSKEY**

                                            **Chapter 7**

                **Debtor.**

_____/

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE

TO:        **Emerald Properties, LLC**
                c/o Anna McClosky, Registered Agent
                8660 Crestgate Cir.
                Orlando, Florida 32819

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the materials:

*The items specified in Schedule "A" attached hereto.*

| PLACE:   **BransonLaw, PLLC** <br>        **1501 E. Concord Street** <br>        **Orlando, Florida 32832** | DATE AND TIME <br><br> **April 26, 2018 by 12:00 p.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land or other property possessed or controlled by you at the time, date and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed.R.Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **3/30/18**

                            CLERK OF COURT

                                 OR

_____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *Ouachita Financial Services, LLC* who issues or requests this subpoena, are:

Jeffrey S. Ainsworth, Esquire
Florida Bar. No. 60769
**BransonLaw, PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone:     (407) 894-6834
Facsimile:      (407) 894-8559
E-mail:         jeff@bransonlaw.com

**Notice to the Person who Issues or Requests this Subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)**

I received this subpoena for (name of individual and title, if any): **Emerald Properties, LLC** on **March 30, 2018**.

☒I served the subpoena by delivering a copy to the named person as follows:

> **Emerald Properties, LLC**
> c/o Anna McCloskey, Registered Agent
> 8660 Crestgate Circle
> Orlando, Florida 32819

Via U.S. Mail on (date) **March 30, 2018**; or

☐ I returned the subpoena unexecuted because: _____

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Date: March 30, 2018

Server's Signature

Jeffrey S. Ainsworth

Printed Name

1501 E. Concord Street, Orlando, FL 32803

Servers Address

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(l)  Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person, or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (xix)    is a party or a party's officer; or
  (xx)    is commanded to attend a trial and would not incur substantial expense.

*(11)      For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(m)Protecting a Person Subject to a Subpoena; Enforcement.**

*(1)   Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(12)      Quashing or Modifying a Subpoena.*
  (A)   *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (xxi)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (xxii)   subjects a person to undue burden.
  (K) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i)  disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (L) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(10)   Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in
the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(11)      Claiming Privilege or Protection.*

  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## EXHIBIT "A"

## INSTRUCTION AND DEFINITIONS

Unless otherwise specified, the following words and terms as used herein shall, when utilized, mean as follows:

## VI. INSTRUCTIONS

A.    This document request is continuing in nature.    When new knowledge or information comes to your attention you shall supplement the information supplied in the answers to the document request forthwith.

B.    For each and every Request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.  Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.  All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.  If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C.    If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:

1.    The name(s) of the author(s) of the document;

2.    The name(s) of the person(s) to whom the documents or copies were sent;

3.    The date of the document;

4.    The date on which the document was received by each addressee, copyee, or its recipients;

5.    A complete description of the nature and subject matter of the document;

6.    The date on which the document was lost, discarded, or destroyed; and

7.    The manner in which the document was lost, discarded, or destroyed.

D.      With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.  In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

1.      The name(s) of the sender(s) of the document;

2.      The name(s) of the author(s) of the document;

3.      The name(s) of the person(s) to whom the document or copies were sent;

4.      The job title of every person named in subparagraphs 1, 2 and 3 above;
5.      The date of the document;

6.      The date on which the document was received by each addressee, copyee, or its recipient;

7.      A brief description of the nature and subject matter of the document; and

8.      The statute, rule, or decision which is claimed to give rise to the privilege.

E.      If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person who has possession, custody, or control of the requested document(s).

F.      All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

G.      Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.      The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

I.      "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

J.      "Any" and "all" shall be construed to bring within the scope of this request any

information which might be construed to relate to the subject matter of the request.

      K.     The use of the singular form of any word includes the plural and vice versa.

      L.     All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

      M.     The relevant time period of these requests is October 1, 2008 to the present, unless otherwise stated in a particular request for production, and shall include all documents which relate or refer to this period even though prepared before or subsequent to period.

## II.    DEFINITIONS

1.     The words **"and"** and **"or"** shall be construed as both conjunctive and disjunctive, so that a series of persons or things joined by the words "and" and "or" shall refer to any, all, or any combination of them.

2.     The terms **"communication"** and **"communications"** shall interchangeably mean any oral or written statement, dialogue, colloquy, discussion or conversation or exchange of information of any type, and any transfer of thoughts or ideas between any two or more persons, including but not limited to documents, telephone or face-to-face conversations, meetings, conferences, or transfer of data from one location to another by electronic or similar means.

3.     The terms **"concerning,"** **"concerns,"** or any other derivative thereof, as used herein includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing and constituting.

4.     The term **"correspondence"** shall mean any and all letters, facsimiles, transmitted memoranda, memorialized oral communications, e-mails, or other communications or documents exchanged or transmitted with another person or entity.

5.     **"Debtor"** shall mean Adrian McCloskey.

6.     The terms **"Document"** or **"documents"** means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to the original and any identical or non-identical copy or draft or revision thereof, regardless of origin or location, of any writing or record of any type or description, including, but not limited to: the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, study, handwritten or other note, working paper, chart, paper graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of electronic mail or telephone

conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, purchase order, bill of lading, bid tabulation, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photograph negative, phone record, tape recording, wire recording, phonorecord, transcript or recordings, drawing, catalog, brochure, or any other data compilations in any format (including computer hard drives, discs, diskettes, compact disk, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages and all other oral communications) and specifically including ESI (as defined herein). All sources are intended to be encompassed, including but not limited to Defendant, other parties to this litigation and any other person, firm or corporation or governmental entity which has communicated with Defendant on the subject matter covered by the lawsuit or the request in questions. **ESI shall be produced in the format described in Part IV.**

7.   **"Deponent", "examinee", "you",** and **"your"** shall mean the party upon whom this subpoena is served and all of his/her authorized employees, agents, or others purporting to act on his/her behalf, including all corporate aliases, affiliates and subsidiaries of deponent.

8.   **"Emerald Investments"** shall mean Emerald Investments, LLC.

9.   **"Emerald Properties"** shall mean Emerald Properties, LLC.

10.  The term **"ESI"** means any electronically stored information-including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

11.  The word **"person"** shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise and includes both the singular and plural.

12.  **"Possession, custody, or control"** as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

13.  **"State Court Litigation"** shall mean that certain litigation filed and pending in the Circuit Court for the 9th Judicial Circuit in and for Osceola County, Florida and styled *the Estate of: Trust Agreement Establishing the Commercial Settlement*

*Real Estate Trust*, Case No. 2017-CP-000008.

14.     The terms **"support," "evidence," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to,"** and **"regarding"** shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

15.     Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any Interrogatory.

16.     Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

## III.   DOCUMENTS REQUESTED[10]

## THE DEPONENT SHALL PRODUCE THE FOLLOWING DOCUMENTS:

1.      All documents relating to or referencing Debtor.

2.      All communications with or relating to Debtor.

3.      All communications with or relating to Emerald Investments.

4.      All documents relating to or referencing Emerald Investments.

5.      All documents relating to or referencing the State Court Litigation.

6.      All communications with or relating to the State Court Litigation.

7.      All Financial Records relating to transactions between You and the Debtor.

8.      All Your monthly, quarterly, and annual financial statements, including balance sheets, income statements, or statements of cash flows, and profit and loss statements, whether internal or external, audited or unaudited.

9.      All general ledgers maintained by You.

10.     All Quickbooks files maintained by You.

---

[10] To the extent any or all documents or records responsive to the Requests are in electronic format, please contact the issuing attorney to make arrangements.

11. Your accounts receivable ledgers or other records which set forth the names, addresses and account number of all personal, business enterprises, or other entities that are/were indebted to You, the amount of such indebtedness, and its basis.

12. All bank statements or bank ledger sheets, or savings account statements for all bank, savings and loan association, mutual fund, brokerage account, or trust accounts of any nature.

13. All bank savings or checking account passbooks or checkbooks.

14. All checks (being either the original checks, front and back, or legible full copies thereof).

15. All bank statements, brokerage statements and investment account statements, including all cancelled checks (front and back), check registers, deposit slips, wires, withdrawal information, and receipts.

16. All records pertaining to the transfer of any money, property interest or financial interest, assets, inventory, goods, accounts receivable or any other thing of value whether from one form to another or from one account to another account.

17. All financial, business and property records and all other papers, passbooks, record books and account books which disclose the amount, account or identification number, nature and extent of all financial interests, property, and property rights owned by You and the location of those rights.

18. All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all real property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest..

19. All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all personal property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest.

20. All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all intangible property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest.

21. Any inventory ledgers, other written statements or documents possessed by any You itemizing Your personal property including but not limited to office furnishings, business equipment and like property, and any documents which disclose the existence of any security interest in such inventory and other assets, the name and location of the secured party, and the type and duration of the security interest.

22. All documents showing the location, amount and/or value of all corporate securities, stocks, bonds, debentures or notes owned by or possessed by You.

23. Copies of Your Federal and State Income Tax Returns for the last five years (if You filed no tax returns for those years, provide a copy of any written extension granted to You or other documented excuse for failing to file an income tax return) and Kl's.

24. All documents showing the location, account number and type of any trust for which You are the beneficiary, and any documents showing both the settlor and the trustee of the trust.

25. All documents showing the account number, location, name and amount of any type of security or negotiable instrument, including but not limited to, stocks, bonds, mutual fund accounts, promissory notes and other equity or debt instruments owned by You individually or jointly with another person or business enterprise.

26. All credit applications.

27. All credit card statements.

28. All credit lien agreements; including all statements and documentation regarding the same.

29. All financing agreements.

30. All financing statements.

31. All insurance applications.

32. All insurance policies.

33. All property appraisals.

34. All leases, subleases and sub-subleases.

35. All agreements to pledge assets as collateral for any loans.

36. All closing documents regarding the purchase or sale of any assets.

37. All stipulations, settlement agreements, final orders or final judgments entered against You in any litigation.

38. A copy of any deeds held by Emerald Properties from 2008 to present.

39. A copy of any mortgages on real property owned by Emerald Properties from 2008 to present.

40.    A copy of any mortgage statement for any mortgage(s) identified in III(39).

41.    A copy of any closing statements, settlement statements and/or HUDs from the sale of any real property owned by you from 2008 to present.

42.    A copy of any checks or other documents showing any payments to Adrian McCloskey from 2008 to present.

43.    Tax returns from 2008 to present.

44.    The title certificates, registration certificates, bills of sale, and other evidence of ownership with respect to any of the following described personal property owned, possessed or leased by You:

    a.    Motor vehicles of any type including ground support equipment;
    b.    Commercial, business or construction equipment of any type;
    c.    Boats, launches, cruisers or other vessels of any type;
Aircraft or helicopters or corporate aircraft;
    d.    Aircraft or helicopters or corporate aircraft;
    e.    Computers. Data processors and other electronic storage and processing equipment of any type;
    f.    Cameras, video-cameras, televisions and other video equipment; and
    g.    Jewelry, sculpture, paintings and other art of any type.

## IV - **Production of Electronically Stored Information (ESI) FORM OF PRODUCTION**

Ouachita requests that all ESI (electronically stored information) be produced as follows:

ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with ALL native files provided and word searchable OCR/extracted text (Optical Character Recognized- i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

The files should be delivered with the following folder structure:

**IMAGES-** contains the TIF and JPG files, up to 10,000 items.
**DATA-** contains the OPT and LFP files and the metadata text file (DAT)
**NATIVES** - contains all the original native files named as the BEGDOC
**TEXT** - contains the document-level OCR/Extracted text files named as the BEGDOC

| Eclipse Metadata Field | Field Description |
|---|---|
| BegDoc | BegDoc |

| EndDoc | EndDoc |
|---|---|
| BegA.ttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |
| cc | CC (Name + email) |
| Companies | Company name |
| Custodian | Custodian (Last, First) |
| DateCreated | Date created (MM/DDNYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent (MMIDD/YYYY) |
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name+ email) |
| Hash Code | MD5hash |
| Header | Email header |
| IntemetMSGID | IntMsgID |
| MessagelD | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password Protect | Y/N field |
| Read | Y/N |
| SHAl | SHAl hash |
| Sources | CD, DVD hard drive: brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

**For .xis (Excel), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| Excel Comments | Comments |
|---|---|
| Excel HiddenColumns | Hidden Columns |
| Excel HiddenRows | Hidden Rows |
| Excel HiddenWorksheets | Hidden Worksheets |
| Num Lines | Number of lines |
| Num Paragraphs | Number of paragraphs |
| Num slides | Number of slides |
| Num Notes | Number of notes |
| Num HiddenSlides | Number of hidden slides |
| Num Multimedia | Number of multimedia clips |
| Security | Security |

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
### www.flmb.uscourts.gov

IN RE:

                                      **Case No.: 6:15-bk-02095-CCJ**

**ADRIAN MCCLOSKEY**

                                      **Chapter 7**

                **Debtor.**

_____/

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE

TO:      **Complete Currency, LLC**
             c/o Derek Breen, Registered Agent
             3359 W. Vine St, number 104
             Kissimmee, Florida 34741

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the materials:

*The items specified in Schedule "A" attached hereto.*

| PLACE: | **BransonLaw, PLLC** **1501 E. Concord Street** **Orlando, Florida 32832** | DATE AND TIME  **April 26, 2018 by 12:00 p.m.** |
|---|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land or other property possessed or controlled by you at the time, date and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed.R.Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/30/18

                              CLERK OF COURT

                                 OR

_____

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing ***Ouachita Financial Services, LLC*** who issues or requests this subpoena, are:

Jeffrey S. Ainsworth, Esquire
Florida Bar. No. 60769
**BransonLaw, PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone:    (407) 894-6834
Facsimile:    (407) 894-8559
E-mail:        jeff@bransonlaw.com

_____

**Notice to the Person who Issues or Requests this Subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

═══════════════════════════════════════════════════════════════

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)**

I received this subpoena for (name of individual and title, if any): **Complete Currency, LLC** on **March 30, 2018**.

☒ I served the subpoena by delivering a copy to the named person as follows:

> **Complete Currency, LLC**
> c/o Derek Breen, LLC, Registered Agent
> 3359 W. vine Street, number 104
> Kissimmee, Florida 34741

Via U.S. Mail on (date) **March 30, 2018**; or

☐ I returned the subpoena unexecuted because: _____

_____

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Date: March 30, 2018

Server's Signature

Jeffrey S. Ainsworth
Printed Name

1501 E. Concord Street, Orlando, FL 32803
Servers Address

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(m)      Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A)  within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B)  within the state where the person resides, is employed, or regularly transacts business in person, if the person

(xxi)      is a party or a party's officer; or

(xxii)     is commanded to attend a trial and would not incur substantial expense.

*(12)      For Other Discovery.* A subpoena may command:

(A)  production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B)  inspection of premises, at the premises to be inspected.

**(n) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1)   Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:

(i)  At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(13)      Quashing or Modifying a Subpoena.*

(A)  *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(xxiii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(xxiv)     subjects a person to undue burden.

(L) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i)  disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(M) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(11)  Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in
the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(12)       Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)  expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)

• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

## EXHIBIT "A"

### INSTRUCTION AND DEFINITIONS

Unless otherwise specified, the following words and terms as used herein shall, when utilized, mean as follows:

## VII.    INSTRUCTIONS

A.    This document request is continuing in nature.  When new knowledge or information comes to your attention you shall supplement the information supplied in the answers to the document request forthwith.

B.    For each and every Request herein, you shall produce documents in your possession, custody, or control which shall include, but not be limited to, documents, objects or articles described that are in your possession or for which you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.  Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.  All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.  If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

C.    If at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, any such documents shall be identified as completely as possible by providing the following information:

1.    The name(s) of the author(s) of the document;

2.    The name(s) of the person(s) to whom the documents or copies were sent;

3.    The date of the document;

4.    The date on which the document was received by each addressee, copyee, or its recipients;

5.    A complete description of the nature and subject matter of the document;

6.    The date on which the document was lost, discarded, or destroyed; and

7.    The manner in which the document was lost, discarded, or destroyed.

D.      With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.  In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

1.      The name(s) of the sender(s) of the document;

2.      The name(s) of the author(s) of the document;

3.      The name(s) of the person(s) to whom the document or copies were sent;

4.      The job title of every person named in subparagraphs 1, 2 and 3 above;
5.      The date of the document;

6.      The date on which the document was received by each addressee, copyee, or its recipient;

7.      A brief description of the nature and subject matter of the document; and

8.      The statute, rule, or decision which is claimed to give rise to the privilege.

E.      If, after exercising due diligence to secure or produce the document(s) requested, you cannot secure responsive documents, you must identify which Request(s) for which you do not have a responsive document, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), and providing the identity of the person who has possession, custody, or control of the requested document(s).

F.      All words, names, and terms in this request for production shall have their plain and ordinary meanings unless specifically defined in Part II herein.

G.      Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.      The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

I.      "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as being outside of the scope of such request.

J.      "Any" and "all" shall be construed to bring within the scope of this request any

information which might be construed to relate to the subject matter of the request.

K.    The use of the singular form of any word includes the plural and vice versa.

L.    All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.    The relevant time period of these requests is October 1, 2008 to the present, unless otherwise stated in a particular request for production, and shall include all documents which relate or refer to this period even though prepared before or subsequent to period.

## II.    **DEFINITIONS**

1.    The words **"and"** and **"or"** shall be construed as both conjunctive and disjunctive, so that a series of persons or things joined by the words "and" and "or" shall refer to any, all, or any combination of them.

2.    The terms **"communication"** and **"communications"** shall interchangeably mean any oral or written statement, dialogue, colloquy, discussion or conversation or exchange of information of any type, and any transfer of thoughts or ideas between any two or more persons, including but not limited to documents, telephone or face-to-face conversations, meetings, conferences, or transfer of data from one location to another by electronic or similar means.

3.    The terms **"concerning,"** **"concerns,"** or any other derivative thereof, as used herein includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing and constituting.

4.    The term **"correspondence"** shall mean any and all letters, facsimiles, transmitted memoranda, memorialized oral communications, e-mails, or other communications or documents exchanged or transmitted with another person or entity.

5.    **"Debtor"** shall mean Adrian McCloskey.

6.    The terms **"Document"** or **"documents"** means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including but not limited to the original and any identical or non-identical copy or draft or revision thereof, regardless of origin or location, of any writing or record of any type or description, including, but not limited to: the original and any copy, of any book, pamphlet, periodical, letter, memorandum, telegram, report, study, handwritten or other note, working paper, chart, paper graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of electronic mail or telephone

conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, purchase order, bill of lading, bid tabulation, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photograph negative, phone record, tape recording, wire recording, phonorecord, transcript or recordings, drawing, catalog, brochure, or any other data compilations in any format (including computer hard drives, discs, diskettes, compact disk, digital files, any other storage and retrieval media and the like) from which information can be obtained, printed, transcribed, punched, taped or filed; graphic matter, however produced or reproduced, to which the responding party has or has had access; and any record or notes of other communications (including interoffice, intra-office communications, electronic memoranda, voicemail messages and all other oral communications) and specifically including ESI (as defined herein). All sources are intended to be encompassed, including but not limited to Defendant, other parties to this litigation and any other person, firm or corporation or governmental entity which has communicated with Defendant on the subject matter covered by the lawsuit or the request in questions. **ESI shall be produced in the format described in Part IV.**

7.    **"Deponent", "examinee", "you"**, and **"your"** shall mean the party upon whom this subpoena is served and all of his/her authorized employees, agents, or others purporting to act on his/her behalf, including all corporate aliases, affiliates and subsidiaries of deponent.

8.    **"Emerald Investments"** shall mean Emerald Investments, LLC.

9.    **"Emerald Properties"** shall mean Emerald Properties, LLC.

10.    The term **"ESI"** means any electronically stored information-including writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as defined in Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

11.    The word **"person"** shall mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise and includes both the singular and plural.

12.    **"Possession, custody, or control"** as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

13.    **"State Court Litigation"** shall mean that certain litigation filed and pending in the Circuit Court for the 9th Judicial Circuit in and for Osceola County, Florida and styled *the Estate of: Trust Agreement Establishing the Commercial Settlement*

*Real Estate Trust*, Case No. 2017-CP-000008.

14.     The terms **"support," "evidence," "relate to," "relating to," "related to," "referred to," "concerning," "pertaining to,"** and **"regarding"** shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

15.     Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of any Interrogatory.

16.     Each and every definition as set forth in Bankruptcy Code Section 101 and Bankruptcy Rule 9001 are incorporated herein by reference.

## III.    DOCUMENTS REQUESTED[11]

## THE DEPONENT SHALL PRODUCE THE FOLLOWING DOCUMENTS:

1.      All documents relating to or referencing Debtor.

2.      All communications with or relating to Debtor.

3.      All documents relating to or referencing Emerald Properties.

4.      All communications with or relating to Emerald Properties.

5.      All communications with or relating to Emerald Investments.

6.      All documents relating to or referencing Emerald Investments.

7.      All documents relating to or referencing the State Court Litigation.

8.      All communications with or relating to the State Court Litigation.

9.      All Financial Records relating to transactions between You and the Debtor.

10.     All Your monthly, quarterly, and annual financial statements, including balance sheets, income statements, or statements of cash flows, and profit and loss statements, whether internal or external, audited or unaudited.

---

[11] To the extent any or all documents or records responsive to the Requests are in electronic format, please contact the issuing attorney to make arrangements.

11.    All general ledgers maintained by You.

12.    All Quickbooks files maintained by You.

13.    Your accounts receivable ledgers or other records which set forth the names, addresses and account number of all personal, business enterprises, or other entities that are/were indebted to You, the amount of such indebtedness, and its basis.

14.    All bank statements or bank ledger sheets, or savings account statements for all bank, savings and loan association, mutual fund, brokerage account, or trust accounts of any nature.

15.    All bank savings or checking account passbooks or checkbooks.

16.    All checks (being either the original checks, front and back, or legible full copies thereof).

17.    All bank statements, brokerage statements and investment account statements, including all cancelled checks (front and back), check registers, deposit slips, wires, withdrawal information, and receipts.

18.    All records pertaining to the transfer of any money, property interest or financial interest, assets, inventory, goods, accounts receivable or any other thing of value whether from one form to another or from one account to another account.

19.    All financial, business and property records and all other papers, passbooks, record books and account books which disclose the amount, account or identification number, nature and extent of all financial interests, property, and property rights owned by You and the location of those rights.

20.    All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all real property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest..

21.    All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all personal property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest.

22.    All deeds, title certificates, registration certificates, bills of sale, and other evidence of ownership of to all real property owned by You or all intangible property entitled in Your name, jointly or solely, or as trustee, or in which you have/had any interest.

23.    Any inventory ledgers, other written statements or documents possessed by any You itemizing Your personal property including but not limited to office furnishings, business equipment and like property, and any documents which

disclose the existence of any security interest in such inventory and other assets, the name and location of the secured party, and the type and duration of the security interest.

24. All documents showing the location, amount and/or value of all corporate securities, stocks, bonds, debentures or notes owned by or possessed by You.

25. Copies of Your Federal and State Income Tax Returns for the last five years (if You filed no tax returns for those years, provide a copy of any written extension granted to You or other documented excuse for failing to file an income tax return) and KI's.

26. All documents showing the location, account number and type of any trust for which You are the beneficiary, and any documents showing both the settlor and the trustee of the trust.

27. All documents showing the account number, location, name and amount of any type of security or negotiable instrument, including but not limited to, stocks, bonds, mutual fund accounts, promissory notes and other equity or debt instruments owned by You individually or jointly with another person or business enterprise.

28. All credit applications.

29. All credit card statements.

30. All credit lien agreements; including all statements and documentation regarding the same.

31. All financing agreements.

32. All financing statements.

33. All insurance applications.

34. All insurance policies.

35. All property appraisals.

36. All leases, subleases and sub-subleases.

37. All agreements to pledge assets as collateral for any loans.

38. All closing documents regarding the purchase or sale of any assets.

39. All stipulations, settlement agreements, final orders or final judgments entered against You in any litigation.

40. The title certificates, registration certificates, bills of sale, and other

evidence of ownership with respect to any of the following described personal property owned, possessed or leased by You:

    a.    Motor vehicles of any type including ground support equipment;

    b.    Commercial, business or construction equipment of any type;

    c.    Boats, launches, cruisers or other vessels of any type; Aircraft or helicopters or corporate aircraft;

    d.    Aircraft or helicopters or corporate aircraft;

    e.    Computers. Data processors and other electronic storage and processing equipment of any type;

    f.    Cameras, video-cameras, televisions and other video equipment; and

    g.    Jewelry, sculpture, paintings and other art of any type.

## IV - Production of Electronically Stored Information (ESI) FORM OF PRODUCTION

Ouachita requests that all ESI (electronically stored information) be produced as follows:

ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with ALL native files provided and word searchable OCR/extracted text (Optical Character Recognized- i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

The files should be delivered with the following folder structure:

**IMAGES-** contains the TIF and JPG files, up to 10,000 items.
**DATA-** contains the OPT and LFP files and the metadata text file (DAT)
**NATIVES** - contains all the original native files named as the BEGDOC
**TEXT** - contains the document-level OCR/Extracted text files named as the BEGDOC

| Eclipse Metadata Field | Field Description |
| --- | --- |
| BegDoc | BegDoc |
| EndDoc | EndDoc |
| BegA.ttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |
| cc | CC (Name + email) |

| Companies | Company name |
|---|---|
| Custodian | Custodian (Last, First) |
| DateCreated | Date created (MM/DDNYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent (MMIDD/YYYY) |
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name+ email) |
| Hash Code | MD5hash |
| Header | Email header |
| InternetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password Protect | Y/N field |
| Read | Y/N |
| SHAl | SHAl hash |
| Sources | CD, DVD hard drive: brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

**For .xls (Excel), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| Excel Comments | Comments |
|---|---|
| Excel HiddenColumns | Hidden Columns |
| Excel HiddenRows | Hidden Rows |
| Excel HiddenWorksheets | Hidden Worksheets |
| Num Lines | Number of lines |
| Num Paragraphs | Number of paragraphs |
| Num slides | Number of slides |
| Num Notes | Number of notes |
| Num HiddenSlides | Number of hidden slides |

| Num Multimedia | Number of multimedia clips |
|---|---|
| Security | Security |