UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**In Re: Adrian McCloskey**

**OUACHITA FINANCIAL
SERVICES, LLC,**

        **Appellant,**

v.                                                                                               Case No. 6:20-cv-781-CEM

**ADRIAN MCCLOSKEY, ANNA
MCCLOSKEY, EMERALD
PROPERTIES, LLC, and
EMERALD INVESTMENTS,
LLC,**

        **Appellees.**
_____/

**In Re: Adrian McCloskey**

**OUACHITA FINANCIAL
SERVICES, LLC,**

        **Appellant,**

v.                                                                                                 Case No. 6:20-cv-2095-CEM

**ADRIAN MCCLOSKEY,**

        **Appellee.**
_____/

## ORDER

THIS CAUSE is before the Court on related Appeals from the United States Bankruptcy Court for the Middle District of Florida's Order Granting Motions to Dismiss (Notice of Appeal, Case No. 6:20-cv-00781-CEM, Doc. 1) and the same Court's Order Denying Joint Motion for Rehearing and to Clarify Order of September 4, 2019 (Notice of Appeal, Case No. 6:20-cv-02095-CEM, Doc. 1). For the reasons stated herein, the related cases will be remanded to the Bankruptcy Court for further proceedings.

### I. BACKGROUND

**A.     Case No. 6:20-cv-00781-CEM**

In Case No. 6:20-cv-00781-CEM, the Appellant is Ouachita Financial Services, LLC, which appeals from an order entered by the Bankruptcy Court in an adversary proceeding on April 15, 2020, purporting to dismiss with prejudice the Appellant's Amended Adversary Complaint. (*See generally* Apr. 15, 2020 Order, Doc. 1-1; Transmittal of Notice of Appeal, Doc. 1-2). That two-page order provides no reasoning for its conclusion, but instead states that the Bankruptcy Court "shall supplement this order with a memorandum opinion that resolves (i) this adversary proceeding, (ii) the adversary proceeding of Gene T. Chambers, Chapter 7 Trustee v. McCloskey, et. al (Adv. Pro. No. 6:19-ap-300-CCJ), and (iii) the Joint Motion for Rehearing and to Clarify Order of September 4, 2019 in the main bankruptcy case."

(*Id.* at 2). No such "memorandum opinion" appears to exist, as confirmed by this Court's independent review of the Bankruptcy Court docket and by Appellant's Brief. (Appellant's Br., Doc. 14, at 7 n.2). The order also references a hearing where the Bankruptcy Court purportedly provided "reasons stated on the record in open court" for its dismissal decision. (*Id.*).

Following the issuance of this order, Appellant filed its Notice of Appeal on May 5, 2020. (*See generally* Doc. 1).

  B. Case No. 6:20-cv-02095-CEM

In Case No. 6:20-cv-02095-CEM, the Appellant is again Ouachita Financial Services, LLC, which appeals from an order entered by the Bankruptcy Court on April 15, 2020, in the main bankruptcy matter below styled as an Order Denying Joint Motion for Rehearing and to Clarify Order of September 4, 2019. (*See generally* Transmittal of Notice of Appeal, Doc. 1-1; Apr. 15, 2020 Order, Doc. 2-2). Much like the order described the preceding section, this two-page order contains no substantive reasoning, and states, "The Court shall supplement this order with a memorandum opinion that resolves (i) the issue of abandonment in the main case, (ii) the adversary proceeding of Ouachita Financial Services, LLC v. Adrian McCloskey, et. al (Adv. Pro. No. 6:19-ap-176-CCJ), and (iii) the adversary proceeding of Gene T. Chambers, Chapter 7 Trustee v. McCloskey, et. al (Adv. Pro. No. 6:19-ap-300-CCJ)." (Doc. 2-2 at 1–2). No such "memorandum opinion" appears

to exist, as confirmed by the Court's independent review of the Bankruptcy Court docket as well as by Appellant's Brief. (Appellant's Br., Doc. 6, at 6 n.2). The order also purports to rely on "reasons stated on the record in open court." (Doc. 2-2 at 1).

Following the issuance of this order, Appellant filed its Notice of Appeal on November 13, 2020. (Doc. 1). Because this appeal is related to the appeal described in the preceding section, it was reassigned to this Court on January 29, 2021. (Doc. 9).

## II. ANALYSIS

This Court is unable to adequately review the Bankruptcy Court's rulings in these appeals for the reasons stated below and will remand the matters to the Bankruptcy Court for further proceedings.

As discussed, there are no written opinions from the Bankruptcy Court explaining its rationale or analysis as to either of the orders on appeal. Instead, the Bankruptcy Court issued two-page, non-substantive orders as to both motions and stated that a supplemental memorandum opinion would be forthcoming. Those supplemental opinions were not issued.[1]

Even in the absence of a written opinion, this Court might be able to conduct an appropriate appellate review if there were a satisfactory oral ruling from the bench

---

[1] The Court will not speculate as to why the memorandum opinions were not issued, but it notes that the judge assigned to the matter changed in October 2020, less than six months after the initial orders were entered.

that explained the Bankruptcy Court's reasoning. But, unfortunately, that too is absent here. The short-form orders reference a hearing at which the Bankruptcy Court provided reasoning for its decision. The Court has been provided with transcripts of hearings held before the Bankruptcy Court on August 15, 2019 (which lasted for 20 minutes), and on September 17, 2019 (which lasted for 14 minutes). (*See generally* Aug. 15, 2019 Hr'g Tr., Case. No. 6:20-cv-00781-CEM Doc. 10-56; Sept. 17, 2019 Hr'g Tr., Case No. 6:20-cv-00781-CEM Doc. 24-2). A review of these brief transcripts makes clear that the statements made by the Bankruptcy Court at both hearings were not intended to act as final orders of the court, nor were they even a representation of the Bankruptcy Court's thoughts and rationales in final form. Instead, it is apparent that the Bankruptcy Court intended to engage in further substantive review of the parties' materials and their arguments presented at those hearings in order for the Bankruptcy Court to form its final opinion in the matters. For example, at the conclusion of the August 2019 hearing, the Bankruptcy Court stated that it would "look at everything" and it set a second hearing to take place in September. (Doc. 10-56 at 23).

At the subsequent September 2019 hearing, the Bankruptcy Court began by stating that it had "looked at everything" and "this is a hot mess." (Doc. 24-2 at 4). The court reiterated at several points what a "mess" the case was and the "quagmire" it presented. (*Id.* at 4–5, 17). But the Court did not purport to issue any oral rulings

on the motions. Instead, it concluded that hearing—just like it had at the August hearing—by stating it would "review everything thoroughly . . . and issue a written opinion." (*Id.* at 19). As noted, that opinion never materialized.

A review of the parties' briefs reveals that the issues presented in this matter are complex and deserving of this Court's full appellate review. But that sort of review is impossible in the absence of a reasoned decision from the Bankruptcy Court outlining its analysis and conclusions. For instance, as just one example of why appellate review here would not be possible, this Court cannot tell why the Bankruptcy Court's dismissal order was "with prejudice" absent some explanation of that court's reasoning. In addition, it is less than clear that the orders issued by the Bankruptcy Court were intended to serve as final, appealable orders given the language contained therein concerning future, supplemental opinions to be issued.

Other courts facing similar dilemmas have come to the same conclusion. For example, the district court in *In re Bresky*, even though it had been provided with a written opinion containing some legal analysis, felt forced to remand to the Bankruptcy Court so that it could "clarify the legal basis for its dismissal of [a party's] Complaint" and "clarify whether it intended to dismiss the Complaint with prejudice or without prejudice." No. 06-80753-CIV, 2007 WL 9701986, at *5 (S.D. Fla. Jan. 18, 2007); *see In re Hechinger Inv. Co. of Delaware, Inc.*, 489 F.3d 568, 580 (3d Cir. 2007) ("[T]he Bankruptcy Court gave no reason for its decision . . . .

We therefore cannot determine from the record before us whether the Court had a 'sound reason' to deny Hechinger's request. We will accordingly vacate the order of the District Court affirming the denial . . . . We will instruct the District Court to remand to the Bankruptcy Court for an explanation of its reasons . . . .").[2]

In light of the above, the Court is compelled to remand these matters to the Bankruptcy Court for further proceedings. The Bankruptcy Court should issue a reasoned written opinion explaining the rationale behind its prior decisions. Among other things, the Bankruptcy Court should clarify whether and why it dismissed Appellant's operative complaint with prejudice, and it should make clear that its opinion is final and appealable. That written opinion can thereafter serve as the basis for any future appeal on the merits of the Bankruptcy Court's ruling.

### III. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Case No. 6:20-cv-00781-CEM and Case No. 6:20-cv-02095-CEM are

---

[2] *See also In re W. Coast Real Estate & Mortg. Inc.*, No. BAP EC-12-1471-JUMKD, 2013 WL 2250242, at *13 (B.A.P. 9th Cir. May 22, 2013) ("[B]ecause the bankruptcy court did not 'show its work,' we vacate the sanctions orders and remand to allow the court to explain its reasoning."); *In re: AE Liquidation, Inc.*, No. AP 10-55543-MFW, 2015 WL 5301553, at *8 (D. Del. Sept. 10, 2015) ("The Court will remand this issue for the Bankruptcy Court to explain its reasoning."); *cf. Sepulveda v. Burnside*, 432 F. App'x 860, 867 (11th Cir. 2011) ("[B]ecause the district court's order . . . does not provide sufficient reasoning for us to conduct a review, we vacate and remand for further proceedings."); *Nero Trading, LLC v. U.S. Dep't of Treasury, I.R.S.*, 570 F.3d 1244, 1245 (11th Cir. 2009) ("Because the district court did not explain its decision . . . and did not sufficiently explain its rationale . . . , we cannot adequately review the district court's decision."), *abrogated on other grounds by United States v. Clarke*, 573 U.S. 248 (2014).

**REMANDED** to the Bankruptcy Court for further proceedings consistent with this Order. The Clerk is directed to close these cases.

**DONE** and **ORDERED** in Orlando, Florida on May 11, 2022.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record